No. 42,666

United States Fidelity & Guaranty Company, a Corporation, *Appellee*, v. Allied Mutual Casualty Company, a Corporation, Reliable Transfer & Storage Company, a Corporation, and Paul Huber, *Appellants*.

(375 P. 2d 619)

Opinion filed November 3, 1962.

*Harold E. Doherty*, of Topeka, argued the cause, and *James E. Benfer*, of Topeka, was with him on the briefs for the appellants.

*Howard Harper*, of Junction City, argued the cause, and *Lee Hornbaker*, *Richard F. Waters*, and *Bob Abbott*, all of Junction City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This is an appeal from the order of the trial court overruling defendants' demurrer to the third cause of action contained in plaintiff's petition, and from orders overruling defendants' motions to strike and to quash the service of summons. The appeal from the order overruling the motion to quash the service of summons has been abandoned.

Two claimants recovered compensation awards from their employer who was insured by plaintiff under the workmen's compensation act and as such insurer the company sought recoupment under the act for the amounts so awarded. In its third cause of

action plaintiff sought to recover $908.94 as reasonable attorney fees incurred in connection with the defense of the workmen's compensation claims, and for additional reasonable attorney fees in this recoupment action in the sum of $2,500.00.

Defendants, a truck driver, an employer, and the liability insurance carrier for the employer, demurred to the third cause of action and this demurrer was overruled by the trial court. Defendants had previously moved to strike certain portions of the petition which included the third cause of action covered by the demurrer. The reasons given in the motion to strike were that the matters set out in the third cause of action were incompetent, irrelevant, immaterial, purely prejudicial, and were alleged in the petition for the sole purpose of prejudicing the jury. Defendants timely appealed from the above orders of the trial court.

Appellee based its claim for attorney fees on G. S. 1961 Supp., 44-504, which provides for recovery against some person other than the employer, the periods of time in which the employee and his employer can commence such an action, and concludes with the following sentence:

"The court shall fix attorney fees which shall be paid proportionately by the *employer* and *employee* in the amounts determined by the court." (Our emphasis.)

In applying the above provision to our present case, we think it can be interpreted only as placing the duty to pay attorney fees on the claimants and their employer and not upon the third party tort-feasor.

Appellee relies on *In re Estate of Reynolds,* 176 Kan. 254, 270 P. 2d 229, but examination of that case shows it was an action to construe a will and is not applicable here because the probate code (G. S. 1949, 59-1717) gives statutory authority for the allowance of attorney fees. The opinion in *State, ex rel., v. Sage Stores Co.,* 158 Kan. 146, 145 P. 2d 830, which was a quo warranto proceeding, stated the general rule for recovery of attorney fees as follows:

"Attorney's fees and expenses of litigation, other than ordinary court costs, incurred by a prevailing party in an action, are not chargeable as costs against the defeated party, in the absence of a clear and specific statutory provision therefore." (Syl.)

See, also, *Murrow v. Powell,* 167 Kan. 283, 205 P. 2d 1193.

Our attention is directed to 2 Larson's Workmen's Compensation Law, § 71.10, on third party actions, where may be found a comprehensive statement justifying the theory that the ultimate

wrongdoer, if he be at fault, should pay. The section concludes with this sentence:

"So, it is elementary that if a stranger's negligence was the cause of injury to claimant in the course of employment, the stranger should not be in any degree absolved of his normal obligation to pay the usual amount of damages for such an injury." (p. 166.)

Section 74.32 of the same text reads in parts follows:

"Usually attorneys' fees and expenses are deducted both in priority to the employer's lien on the employee's recovery, and before there is any excess for the employee in the employer's recovery. If the sum recovered by the employee is more than enough to pay attorneys' fees and reimburse the carrier, the carrier is reimbursed in full, and is not required to share the legal expenses involved in obtaining the recovery."

The above is analogous to the concluding provision of 44-504 and therefore does not give any assistance to appellee. Since no statutory authority has been shown for granting the attorney fees in question, we are compelled to hold the allowance of attorney fees under the circumstances of this case cannot be made. (*Wolf v. Mutual Benefit Health & Accident Association,* 188 Kan. 694, 714, 366 P. 2d 219; *Flott v. Wenger Mixer Manufacturing Co.,* 189 Kan. 80, 85, 367 P. 2d 44.) Therefore, the third cause of action was not proper and that part of the motion to strike should have been sustained. For the same reason, the demurrer thereto should have been sustained.

As appellants state with regard to the remaining portions of the motion to strike, this is only a tort action and the allegations of the petition attacked by the motion to strike, other than the third cause of action, were necessary to be alleged by plaintiff to raise proper issues regarding negligence and the damages suffered by claimants in the form of personal injuries for which plaintiff has been required to pay compensation. Rulings on a motion to strike rest so much in the trial court's sound discretion they will not be reversed unless they prejudicially affect the substantial rights of the party making the motion. (2 West's Kansas Digest, Appeal and Error, §§ 960 (2) & (3), pp. 577, 578, and 1962 Cum. Pocket Part, Appeal and Error, §§ 960 (2) and (3), pp. 60, 61; 1 Hatcher's Kansas Digest, rev. ed., Appeal and Error, § 446, p. 187, § 518½, pp. 212, 213, and 1961 Cum. Supp., Appeal and Error, § 446, p. 40, § 518½, p. 50.)

Appellants having failed to make it affirmatively appear the trial

court abused its discretion or that their substantial rights were prejudicially affected by its ruling on the other portions of the motion to strike, the ruling was not an abuse of judicial discretion and it did not prejudicially affect appellants' substantial rights.

We conclude the trial court properly overruled the motion to strike those portions of the petition other than the third cause of action but improperly overruled the motion to strike and the demurrer to the third cause of action.

Affirmed in part and reversed in part.