No. 49,062

JANET BRINKMEYER, Widow of William H. Brinkmeyer, Jr., Deceased, *Appellant,* v. CITY OF WICHITA, KANSAS, *Appellee.*

(573 P.2d 1044)

Opinion filed January 21, 1978.

*Fred A. Beaty,* of Wichita, argued the cause and was on the brief for the appellant.

*Stephen J. Jones,* of Wichita, argued the cause, and *John Dekker* and *H. E. Jones,* also of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: This is a workmen's compensation case. William H. Brinkmeyer, Jr., an employee of the City of Wichita, was killed while at work. The Sedgwick County District Court denied compensation to William's widow, Janet; she appeals.

At issue is the construction of the language of the 1974 amendments of the workmen's compensation act, and in particular, K.S.A. 1974 Supp. 44-510b. Petitioner contends and respondent denies that under the amended statute, a "surviving legal spouse" is entitled to compensation death benefits regardless of actual dependency.

William and Janet Brinkmeyer were married in 1971. Both were employed, William by the City of Wichita, and Janet by Cessna Aircraft Company. Janet made a few dollars more each week than did William. Marital difficulties arose, and William moved to a separate apartment in late March or early April, 1974. The parties closed out their joint checking account and each maintained a

separate bank account thereafter. On April 3, 1974, Janet filed suit against William for divorce. She secured a temporary order giving her possession of the home and car, giving William the pickup truck, and requiring him to make biweekly payments on her attorney's fees. Thereafter, Janet and William continued to see each other, and to spend occasional nights and weekends together.

Whether William paid anything on Janet's attorney's fees is not clear. Janet paid her own utilities and living expenses during the separation, but William gave Janet ten or fifteen dollars two or three times a month for her help in their furniture and hauling business, and William paid for a scuba lesson for Janet, and he also paid for her son's swimming lessons. Janet's son was not adopted by William, and he is not a dependent.

In October, 1974, during the weekend before William's death, William and Janet agreed to reconcile. William told both his mother and his roommate that he was going to move out of the apartment and go back with Janet.

On October 21, 1974, and before William completed the move, he was killed when a tractor he was operating for the City of Wichita tipped over and pinned him in a drainage ditch. Janet made claim for benefits under the act, K.S.A. 44-501, *et seq.* The examiner found her to be wholly dependent and granted an award. By an order *nunc pro tunc,* he found Janet to be "the legal spouse" of the deceased workman, and he held that she was therefore entitled to a 100% award as a dependent of the decedent, pursuant to K.S.A. 1974 Supp. 44-510b. Upon review, the director sustained the award entered *nunc pro tunc* by the examiner. The district judge found that Janet was William's legal widow and a member of his family, but that she was not wholly or in part dependent upon William at the time of his death. Compensation was denied.

Prior to 1974, K.S.A. 44-510b read as follows: .

"Where death results from injury, compensation shall be paid as provided in K.S.A. 1971 Supp. 44-510 [relating to medical bills] and as follows:

"(a) If a workman leaves any dependents wholly dependent upon his earnings, a sum equal to three (3) times his average yearly earnings . . ."

Substantially identical wording is found in all of our earlier workmen's compensation statutes. See Laws of Kansas, 1911, chapter 218, sec. 11; R.S. 1923, 44-510(2); G.S. 1935, 44-510(2); G.S. 1949, 44-510(2).

K.S.A. 44-510b was extensively revised in 1974. That section as amended by Laws of 1974, chapter 203, sec. 11, effective July 1, 1974, and in effect at the time of William's death, reads as follows:

K.S.A. 1974 Supp. 510b. "Where death results from injury, compensation shall be paid . . . as follows:

"(a) If a workman leaves any dependents wholly dependent upon his earnings at the time of the accident, all compensation benefits under this section shall be paid to such dependent persons. Such dependents shall be paid weekly compensation . . . subject to the following: (1) If the workman leaves a surviving legal spouse and/or a wholly dependent child or children eligible for benefits under this section, then all death benefits shall be paid to such surviving spouse and/or children . . . (2) a surviving legal spouse shall be paid compensation benefits for life or until remarriage . . . (3) any wholly dependent child . . . shall be paid compensation . . . until he becomes eighteen (18) years of age . . . (4) if the workman leaves no legal spouse or dependent children eligible for benefits under this section but leaves other dependents wholly dependent upon his earnings, such other dependents shall receive weekly compensation benefits . . .

"(b) Upon the remarriage of a surviving legal spouse receiving compensation under this section, the benefits being paid to such spouse shall terminate . . .

"(c) Where the workman leaves a surviving legal spouse and dependent children who were wholly dependent upon his earnings and are eligible for benefits under this section, one-half (½) of the maximum weekly benefits payable shall be apportioned to such spouse and one-half (½) to such dependent children.

"(d) If a workman does not leave any dependents who were wholly dependent upon his earnings at the time of the accident but leaves dependents, other than a spouse or children, in part dependent on his earnings, such percentage of a sum . . . shall be paid in compensation to such dependents, in weekly payments . . ."

Under our former statutes it has long been the rule in this state that a surviving spouse must be dependent upon the workman in order to qualify for benefits under the workmen's compensation act. The degree of dependency is a question of fact. *McCormick et al. v. Coal & Coke Co.,* 117 Kan. 686, 232 Pac. 1071, 39 A.L.R. 314 (note), 51 A.L.R. 1452 (note); *Peters v. Peters,* 177 Kan. 100, 276 P.2d 302; *Shobe v. Tobin Construction Co.,* 179 Kan. 43, 292 P.2d 729; *Roelfs v. Wallingford, Inc.,* 207 Kan. 804, 486 P.2d 1371. Our former statutes provided for payment of partial compensation to both spouses and children who were but partially dependent upon the deceased workman. For example, see G.S. 1949, 44-510(2)(b).

K.S.A. 1974 Supp. 44-510b, however, makes no provision for

the payment of partial compensation to *partially* dependent spouses or children. It provides benefits only for surviving legal spouses and wholly dependent children. If there are both, payments are divided pursuant to subsection (*c*). If the children are but *partially* dependent, all payments are made to the surviving legal spouse.

As we observed in *McCormick,* supra, "Under the statutes of some of the states, the widow and children are 'conclusively presumed' to be wholly dependent. . . ." (p. 691.) Throughout the 1974 amendment the legislature refers to "surviving legal spouses" and "wholly dependent children." Does this terminology reflect a change in legislative policy, and is a surviving spouse a "dependent" regardless of actual dependency? We conclude that both queries should be answered in the affirmative.

Throughout our many decisions construing the workmen's compensation act since its enactment, this court has been firmly committed to the rule of liberal construction of the act in order to award compensation to the workman where it is reasonably possible to do so, and to make the legislative intent effective and not to nullify it. *Chapman v. Wilkenson Co.,* 222 Kan. 722, 567 P.2d 888; *Stonecipher v. Winn-Rau Corporation,* 218 Kan. 617, 545 P.2d 317; *Odell v. Unified School District,* 206 Kan. 752, 481 P.2d 974; *Piper v. Kansas Turnpike Authority,* 202 Kan. 771, 451 P.2d 152; *Bright v. Bragg,* 175 Kan. 404, 264 P.2d 494; *Chamberlain v. Bowersock Mills & Power Co.,* 150 Kan. 934, 96 P.2d 684. Justice Burch, speaking in 1920 of an early workmen's compensation act, said:

". . . The remedy . . . provided for in the workmen's compensation act . . . is to be liberally interpreted and flexibly applied, to accomplish its peculiar purpose . . ." *Roper v. Hammer,* 106 Kan. 374, 377, 187 Pac. 858.

The portions of K.S.A. 1974 Supp. 44-510b set out above in this opinion would at first appear to conflict with portions of another section also amended by the legislature in 1974, K.S.A. 1974 Supp. 44-508(*c*), which reads in part as follows:

" 'Dependents' means such members of the workman's family as were wholly or in part dependent upon the workman at the time of the accident. 'Members of a family,' for the purpose of the workmen's compensation act, means only legal widow or husband, as the case may be, and children . . ."

The fundamental rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the

legislature governs when that intent can be ascertained from the statutes. Legislative intent is to be determined by a general consideration of the entire act. Effect should be given, if possible, to the entire statute and every part thereof. To this end it is the duty of the court, so far as practicable, to reconcile the different provisions so as to make them consistent, harmonious and sensible. *Easom v. Farmers Insurance Co.,* 221 Kan. 415, 421, 422, 560 P.2d 117. Where a statute is plain and unambiguous, this court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be. *Lakeview Gardens, Inc. v. State, ex rel. Schneider,* 221 Kan. 211, 214, 557 P.2d 1286. Where various provisions of an act conflict, this court should attempt to reconcile such provisions in order to make them harmonious and sensible. *Jordan v. Doonan Truck & Equipment, Inc.,* 220 Kan. 431, 434, 552 P.2d 881.

With these principles in mind we conclude that by the 1974 amendments to K.S.A. 44-510b, the legislature intended not to deprive a partially dependent surviving spouse of the benefits available under the earlier act, but to make a surviving legal spouse eligible for benefits without proof of actual dependency. Such a construction gives meaning to the act's reference to *surviving* spouses on the one hand and *dependent* children on the other, which explains the absence of provisions for partially dependent spouses, and, by giving a conclusive presumption of dependency to a surviving legal spouse, conforms with the definition of a dependent contained in K.S.A. 1974 Supp. 44-508.

We note that by approving the examiner's *nunc pro tunc* order and award, the director effected the construction which we now adopt. While the construction placed upon the act by the director is not binding upon this court, his views, being those of the person charged with the day-to-day administration of the act, are entitled to the court's careful consideration.

In summary, we hold that under K.S.A. 1974 Supp. 44-510b, a surviving legal spouse is conclusively presumed to be wholly dependent upon the deceased workman, and is entitled to the benefits provided by the act for a surviving legal spouse, without proof of dependency. In view of our disposition of this case, other points raised by appellant become moot.

The judgment is reversed, with directions to enter an award for the appellant in conformity with the views herein expressed.