No. 51,564

JAMES P. NORDSTROM, *Appellee,* v. CITY OF TOPEKA, KANSAS, *Appellant.*

(613 P.2d 1371)

Opinion filed July 18, 1980.

*Leon B. Graves,* assistant city attorney, argued the cause and *Dan E. Turner,* city attorney, was with him on the brief for appellant.

*Steve R. Fabert,* of Fisher, Patterson, Sayler & Smith, of Topeka, argued the cause and *James P. Nordstrom,* of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: The City of Topeka, Kansas, appeals from a judgment granted the plaintiff, James P. Nordstrom, a Topeka attorney, in an action to recover attorney fees for services rendered while representing a Topeka policeman in an action under K.S.A. 1979 Supp. 44-504. The facts are not in dispute.

On March 17, 1979, Patrick J. Stenger was injured in an automobile accident in Topeka. Stenger's injuries arose out of and in the course of his employment as a police officer by the City of Topeka. The City of Topeka, a self-insured employer under the Workmen's Compensation Act, made medical and compensation payments to Stenger in the amount of $2,093.49.

Stenger retained Nordstrom to represent him in pursuing a tort claim against Ronald J. Tichenor, the other driver involved in the

automobile accident. Nordstrom and Stenger agreed that Nordstrom would handle the case for a 25% contingent fee. On June 5, 1979, the City of Topeka notified Nordstrom that it claimed a subrogation interest in any recovery against Tichenor.

Thereafter, Nordstrom was able to negotiate a settlement with the insurance carrier for Tichenor in the amount of $15,000.00. Two drafts were issued by the insurance company. One, in the amount of $12,906.51, was payable to Stenger and Nordstrom. The other, in the amount of $2,093.49, was payable to Stenger, Nordstrom and the City of Topeka. Nordstrom made a demand upon the City of Topeka for an attorney fee amounting to 25% of the $2,093.49 subrogation claim of the City. The City refused to pay any attorney fees and demanded the entire $2,093.49. Nordstrom then tendered the second draft into court at the time he filed this action seeking a declaratory judgment to determine the proper distribution of the proceeds of the draft.

With the foregoing facts agreed upon by the parties, defendant moved for dismissal and plaintiff moved for summary judgment. Plaintiff's motion for summary judgment was sustained by the trial court, which allowed plaintiff an attorney fee of $523.37, or 25% of the amount of workmen's compensation benefits paid by defendant to Stenger. The balance of the draft, less $35.00 court costs, was ordered paid to the City. The City has appealed.

The sole issue presented to this court is whether an attorney representing a worker who has received workmen's compensation benefits and who successfully recovers, by settlement or litigation, a claim against a third party tort-feasor, and thereby recovers the worker's compensation benefits paid by the employer, is entitled to a reasonable attorney's fee from the employer. Plaintiff contended in the trial court, as he does in this court, that under the provisions of K.S.A. 1979 Supp. 44-504(c) he is entitled to a reasonable fee for the recovery obtained on behalf of the City. Defendant, based upon its interpretation of the same statute, denies it has any liability to plaintiff.

Prior to 1955 the workmen's compensation act contained no provisions for the payment of attorney fees by either the employee or employer in an action against a negligent third party. In 1955, the statute, G.S. 1949, 44-504, was amended to read:

"44-504. Remedy against negligent third party; employer subrogated, when; credits against future payments; limitation of actions; attorney fees. When the

injury or death for which compensation is payable under this act was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured workman, his dependents or personal representatives shall have the right to take compensation under the act and pursue his or their remedy by proper action in a court of competent jurisdiction against such other person. In the event of recovery from such other person by the injured workman, or the dependents or personal representatives of a deceased employee by judgment, settlement or otherwise, the employer shall be subrogated to the extent of the compensation and medical aid provided by him to date of such recovery and shall have a lien therefor against such recovery and the employer *may intervene in any action to protect and enforce such lien: Provided,* That whenever any judgment in any such action shall be recovered by the injured workman, his dependents or personal representative prior to the completion of compensation or medical aid payments, the amount of such judgment actually paid and recovered which is in excess of the amount of compensation and medical aid paid to the date of recovery of such judgment shall be credited against future payments of said compensation or medical aid. Such action against the other party, if prosecuted by the workman, must be instituted within one (1) year from the date of the injury, and if prosecuted by the dependents or personal representatives of a deceased workman, must be instituted within eighteen (18) months from the date of such injury. Failure on the part of the injured workman, or the dependents or personal representatives of a deceased workman to bring such action within the time herein specified, shall operate as an assignment to the employer of any cause of action in tort which the workman or the dependents or personal representatives of a deceased workman may have against any other party for such injury or death, and such employer may enforce same in his own name or in the name of the workman, dependents or personal representatives for their benefit as their interest may appear by proper action in any court of competent jurisdiction. *The court shall fix attorney fees which shall be paid proportionately by the employer and employee in the amounts determined by the court."* (Emphasis added.)

In 1974, the legislature undertook a major revision of the workmen's compensation act. L. 1974, chs. 203 and 204. However, 44-504 remained virtually unchanged and now reads:

"(a) When the injury or death for which compensation is payable under the workmen's compensation act was caused under circumstances creating a legal liability against some person other than the employer or any person in the same employ to pay damages, the injured workman, his dependents or personal representatives shall have the right to take compensation under the workmen's compensation act and pursue his or their remedy by proper action in a court of competent jurisdiction against such other person.

(b) In the event of recovery from such other person by the injured workman or the dependents or personal representatives of a deceased employee by judgment, settlement or otherwise, the employer shall be subrogated to the extent of the compensation and medical aid provided by him to the date of such recovery and shall have a lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien: *Provided,* That whenever any

judgment in any such action, settlement or recovery otherwise shall be recovered by the injured workman, his dependents or personal representative prior to the completion of compensation or medical aid payments, the amount of such judgment, settlement or recovery otherwise actually paid and recovered which is in excess of the amount of compensation and medical aid paid to the date of recovery of such judgment, settlement or recovery otherwise shall be credited against future payments of said compensation or medical aid. Such action against the other party, if prosecuted by the workman, must be instituted within one (1) year from the date of the injury, and if prosecuted by the dependents or personal representatives of a deceased workman, must be instituted within eighteen (18) months from the date of such injury.

(c) Failure on the part of the injured workman, or the dependents or personal representatives of a deceased workman to bring such action within the time herein specified, shall operate as an assignment to the employer of any cause of action in tort which the workman or the dependents or personal representatives of a deceased workman may have against any other party for such injury or death, and such employer may enforce same in his own name or in the name of the workman, dependents or personal representatives for their benefit as their interest may appear by proper action in any court of competent jurisdiction. *The court shall fix the attorneys' fees which shall be paid proportionately by the employer and employee in the amounts determined by the court."* (Emphasis added.)

The City argues that the last sentence of 44-504(c) allows the attorney fees to be apportioned to the employer and employee only in those cases where the employer brings the action under 44-504(c) and does not apply to an action brought by the employee under 44-504(b). In support of its argument the City contends that the division of the statute into paragraphs (a), (b) and (c) in 1974 evidences a clear intent that the attorney fee provisions only apply to actions under paragraph (c).

Plaintiff, on the other hand, argues that the last sentence of 44-504(c) applies to the entire statute and is applicable to actions against third party tort-feasors whether prosecuted by the employer or employee and that the division of the statute into paragraphs in 1974 was not an expression by the legislature that apportionment of fees is limited to actions under paragraph (c). He asserts it would be grossly unfair to allow apportionment of the attorney fees in actions brought by the employer to recover its payments made to the employee but force the employee to pay 100% of the attorney fees when the employee brings the action and in doing so recovers for the employer its workmen's compensation payments. In the instant case Stenger contracted with attorney Nordstrom for representation in collecting from the third party tort-feasor. The City had full knowledge of such represen-

tation as is evidenced by its putting Nordstrom on notice of a claim to a lien upon any recovery from the third party tort-feasor. Stenger and Nordstrom agreed that Nordstrom would handle the matter on a contingent fee basis of 25% of the amount recovered. Thus, upon the recovery of a settlement of $15,000.00, Nordstrom became entitled to a fee of $3,750.00. Should the City be allowed, under the statute, to take a free ride and recover its entire $2,093.49 without contributing anything to Nordstrom's fee? We think not.

The question is one of first impression before this court, although there are literally dozens of decisions from other jurisdictions which have considered the issue. In analogous cases from other jurisdictions substantial, respectable authority for either interpretation may be found. For an extensive compilation and review of such decisions, see Annot., 74 A.L.R. 3d 854. See also 2A Larson, Workmen's Compensation Law § 74.32. However, nearly all of the decisions from other jurisdictions are based upon the interpretation of the particular state statutes involved, none of which appear to be identical to ours, and therefore are not particularly helpful in answering the question before this court. We see nothing to be gained by an extensive recitation of the theories and rationales followed by other jurisdictions in deciding the question.

It is obvious that the statute, K.S.A. 1979 Supp. 44-504, when read in its entirety, and when considered with its predecessors, is subject to interpretation as argued by both parties. That is, the statute can logically be interpreted to mean that the last sentence thereof applies regardless of who brings the action or it can logically be interpreted to apply only to actions by the employer.

The first rule of statutory construction is to ascertain, if possible, the intent of the legislature. *Brinkmeyer v. City of Wichita,* 223 Kan. 393, Syl. ¶ 2, 573 P.2d 1044 (1978). As stated in *Brinkmeyer,* it has long been the rule in this court that workmen's compensation statutes are to be liberally construed in favor of the workman. When a workmen's compensation statute is subject to more than one interpretation, it must be construed in favor of the workman if such construction is compatible with the legislative intent. As we have already indicated, the provisions of 44-504 are subject to two interpretations; one favorable to the employee and one favorable to the employer. To say that the statute forces the

employee to pay all the fees incident to a recovery from a third party tort-feasor if he brings the action but the fees will be apportioned when the employer brings the action appears grossly unfair to the employee and may have a definite chilling effect upon the prosecution by the employee of his cause of action. Such an interpretation would discourage the employee from bringing his own suit as he alone would have to bear all the cost of attorney fees. If the employee delays bringing suit, the cause of action is assigned to the employer and the employer then pays a proportionate share of the fees. The employee is forced to choose between a quicker and lesser recovery and a delayed, and perhaps larger recovery. We do not believe this was the intent of the legislature and such a construction of the statute would 'fly in the face of our long-standing rule committing this court to a liberal construction of the act in favor of the workman. In *Brinkmeyer* we stated:

"Throughout our many decisions construing the workmen's compensation act since its enactment, this court has been firmly committed to the rule of liberal construction of the act in order to award compensation to the workman where it is reasonably possible to do so, and to make the legislative intent effective and not to nullify it. *Chapman v. Wilkenson Co.,* 222 Kan. 722, 567 P.2d 888; *Stonecipher v. Winn-Rau Corporation,* 218 Kan. 617, .545 P.2d 317; *Odell v. Unified School District,* 206 Kan. 752, 481 P.2d 974; *Piper v. Kansas Turnpike Authority,* 202 Kan. 771, 451 P.2d 152; *Bright v. Bragg,* 175 Kan. 404, 264 P.2d 494; *Chamberlain v. Bowersock Mills & Power Co.,* 150 Kan. 934, 96 P.2d 684. Justice Burch, speaking in 1920 of an early workmen's compensation act, said:

"'. . . The remedy . . . provided for in the workmen's compensation act . . . is to be liberally interpreted and flexibly applied, to accomplish its peculiar purpose . . .' *Roper v. Hammer,* 106 Kan. 374, 377, 187 Pac. 858." p. 396.

Our research has disclosed only two cases wherein the question has been considered or discussed by this court. In the early case of *Copeland v. Martin Metal Mfg. Co.,* 141 Kan. 725, 42 P.2d 982 (1935), this court held that the employer was entitled to receive credit for the full amount of its compensation payments undiminished by any portion of the employee's attorney fees. This case was decided under a different type of statute long before the 1955 amendments which first provided for apportionment of attorney fees and therefore is not considered to be controlling in the application of the present statute. In *U. S. Fidelity & Guaranty Co. v. Allied Mutual Cas. Co.,* 190 Kan. 383, 375 P.2d 619 (1962), an attempt was made to recover attorney fees from the

third party tort-feasor based upon 44-504 and the court correctly pointed out that the statute did not apply. In that case we stated:

"Appellee based its claim for attorney fees on G.S. 1961 Supp., 44-504, which provides for recovery against some person other than the employer, the periods of time in which the employee and his employer can commence such an action, and concludes with the following sentence:

" 'The court shall fix attorney fees which shall be paid proportionately by the *employer* and *employee* in the amounts determined by the court.' (Our emphasis.)"

"In applying the above provision to our present case, we think it can be interpreted only as placing the duty to pay attorney fees on the claimants and their employer and not upon the third party tort-feasor." p. 384.

Neither of the foregoing cases is determinative of the question before the court.

We hold that K.S.A. 1979 Supp. 44-504(c) which provides "[t]he court shall fix the attorneys' fees which shall be paid proportionately by the *employer* and *employee* in the amounts determined by the court" applies to actions and claims brought by the employee under 44-504(b), and to those brought by the employer under 44-504(c).

The judgment is affirmed.