No. 52,606

KANSAS STATE BOARD OF HEALING ARTS, *Appellee,* v. ROBERT M. DICKERSON, M.D., *Appellant.*

(629 P.2d 187)

Opinion filed June 10, 1981.

*Christopher Randall,* of Turner and Boisseau, Chartered, of Wichita, argued the cause and was on the brief for the appellant.

*Wallace M. Buck, Jr.,* of Topeka, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HERD, J.: The Kansas State Board of Healing Arts revoked the license of Robert M. Dickerson, M.D. The trial court dismissed Dickerson's appeal for lack of jurisdiction. Dickerson appeals.

The issues on appeal are solely procedural. The relevant events are as follows:

May 5, 1980: The petition was filed before the State Board to revoke Dickerson's license.

July 12, 1980: A full evidentiary hearing was held.

August 11, 1980: The Board ordered Dickerson's license revoked.

August 14, 1980: The Board's order was delivered to Dickerson.

August 26, 1980: A notice of appeal was filed with the Board, after having been filed in Shawnee County district court.

August 28, 1980: A second notice of appeal was received by the Board after filing in Finney County district court.

September 19, 1980: The trial court dismissed the appeal for lack of jurisdiction because notice of intention to appeal was not filed within the ten days required by K.S.A. 65-2848, which provides:

"At any time within sixty (60) days after the entry of the order of the board, or if a rehearing has been applied for and granted, within thirty (30) days after the

entry of the order on rehearing, either party shall have the right of appeal to the district court in the county where the licensee resides or is practicing. Notice to the adverse party of the intention to take such appeal shall be given by written notice of intention to appeal filed with the secretary of the board by the appealing party. Such notice shall be filed within ten (10) days after the appealing party is served notice of the board's order in the hearing, except that, if an application for rehearing has been filed, such notice shall be filed within ten (10) days after the appealing party is served notice of the denial of such application, if such application is denied, or within ten (10) days after the appealing party is served notice of the board's order on rehearing, if such application is granted. The secretary of the board shall forthwith file a duly certified transcript of all pleadings upon which the cause was tried before the board, and same shall be filed in the office of the clerk of the district court of the proper county and this shall complete the appeal. The trial in the district court upon such appeal shall be had upon the issues joined as presented upon the evidence and exhibits introduced before the board and certified by the secretary thereof."

Appellant argues the statute provides either party may appeal within 60 days after entry of the order of the board and that the 10-day provision for filing an intention to appeal is included to insure the Board is informed within a reasonable time that the doctor *intends* to appeal. Appellant argues that provision is not a jurisdictional requirement. Appellant also argues statutes authorizing appeals must be liberally construed in favor of the appellant in furtherance of justice. Appellee argues the 10-day notice requirement should be strictly construed. The Board does not offer an explanation or argument as to the meaning of the 60-day requirement.

Appellate jurisdiction over the. official acts of administrative officials or boards is provided by statute. K.S.A. 65-2848 is one of several special appeal statutes promulgated by the legislature. *Brinson v. School District,* 223 Kan. 465, 467, 576 P.2d 602 (1978). The statute was enacted in 1957 and it provided in pertinent part:

"At any time within thirty (30) days after the entry of the order of the board, either party shall have the right of appeal to the district court in the county where the licensee resides or is practicing. The filing of a notice in writing of the intention to take such an appeal with the secretary of the board within thirty (30) days after the entry of the order shall be sufficient notice to the adverse party of the intention to appeal. The secretary of the board shall forthwith file a duly certified transcript of all pleadings upon which the cause was tried before the board, and same shall be filed in the office of the clerk of the district court of the proper county, and this shall complete the appeal." L. 1957, ch. 343, § 48.

In 1976, the statute was amended to lengthen the appeal time from 30 days to 60 days. The time for filing a notice of the

intention to take such appeal was also lengthened to 60 days. The amendment also added the current language governing time requirements for an appeal after a rehearing has been granted. L. 1976, ch. 273, § 22.

A review of the statutes prior to the current K.S.A. 65-2848 reveals the notice of intention to appeal involved the same amount of time as the right to appeal and both time limits began after the entry of the Board's order. In 1979, however, the statute was amended to its present form, shortening the time to file an intent to appeal from 60 days to 10 days after the appealing party is served notice of the Board's order while leaving the right to appeal at 60 days after the entry of the order of the Board. An obvious ambiguity is the result.

As an aid in construing the statute consistent with legislative intention, we look to legislative history. House Bill 2007, which amended K.S.A. 65-2848 (Weeks) in 1979, was assigned to the Public Health and Welfare Committees of both the House and Senate where it was approved without comment on February 7, 1979, and March 27, 1979, respectively. An interim study was conducted by the House Public Health and Welfare Committee which filed its Report on Kansas Legislative Interim Studies to the 1979 Legislature - Special Committees, on November 30, 1978, which stated at p. 518:

"Amendments to K.S.A. 1978 Supp. 65-2838 and 65-2842 and 65-2848 relate to the due process procedure required to be followed in an action to revoke, suspend or limit a license to practice the healing arts. *The amendments were recommended by the attorney for the Board of Healing Arts.*" (Emphasis added.)

The August 24, 1978, Interim Study Report states Frank Johnson, attorney for the Board of Healing Arts, recommended in proposal No. 23, p. 5:

"Party does not need sixty (60) days to file notice of appeal—Ten (10) days will do. Secretary needs more time than 'forthwith' to file with the Court a duly certified transcript of hearing."

The foregoing statements are not helpful in resolving the conflict since the bill retained the clear statement that either party has 60 days from the date the order is entered to appeal. If we treat the 10-day intention to appeal provision as if it were a time requirement for notice of appeal, we successfully abrogate the 60-day provision. We are constrained to follow the following rule of construction found in *National Cooperative Refinery Ass'n. v.*

*Board of McPherson County Comm'rs.,* 228 Kan. 595, 597, 618 P.2d 1176 (1980):

"The fundamental rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute."

*Nordstrom v. City of Topeka,* 228 Kan. 336, Syl. ¶ 1, 613 P.2d 1371 (1980).

*State ex rel. Stephan v. Lane,* 228 Kan. 379, 390, 614 P.2d 987 (1980) states:

"In determining legislative intent the court may properly look to the purpose to be accomplished, and the necessity and the effect of the statute."

*Reeves v. Board of Johnson County Comm'rs.,* 226 Kan. 397, 402, 602 P.2d 93 (1979), states:

"Where a statute is susceptible to more than one construction, it must be given that construction which, when considered in its entirety, gives expression to its intent and purpose, even though such construction is not within the strict literal interpretation of the statute."

We construe K.S.A. 65-2848 to provide 60 days from the date the order is entered for either party to appeal. This requirement governs the trial court's jurisdiction of the appeal. Apparently the 10-day notice of intention to appeal was inserted to give the Board notice of the possibility an appeal would be taken. We can only construe such a provision as informational and we cannot interpret it as jurisdictional. Dr. Dickerson filed his notice of appeal within the 60-day appeal time. The appeal was therefore perfected. Our holding disposes of the case; therefore, the remaining issue need not be considered.

The judgment of the trial court is reversed and this case is remanded for trial.