The DURIRON COMPANY, Inc., Appellant,

v.

Mr. and Mrs. Norman BAKKE, Mr. and Mrs. Charles Stephenson, Mr. and Mrs. Henry Aungie, Mr. and Mrs. Armond Carter, Mr. and Mrs. Duane McCloud, Anchorage Natural Gas Corporation, Cheney Construction Co., and National Mechanical Contractors, Inc., a joint venture, Delta Engineering Corporation, Appellees.

No. 831.

Supreme Court of Alaska.

Sept. 14, 1967.

John M. Conway, of Atkinson, Wade, Conway & Young, Anchorage, for appellant.

David H. Thorsness, of Hughes, Thorsness & Lowe, Anchorage, for appellee Anchorage Natural Gas Corp.

Burton C. Biss, Anchorage, for appellee Delta Engineering Corp.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

OPINION

RABINOWITZ, Justice.

After perfecting this appeal, appellant moved the trial court for relief from the judgment which had been entered against it.[1] Appellant simultaneously filed in this

---

1. We are informed that appellant has based its motion in the superior court on Civil Rule 60(b) (3) and (6). These subdivisions of Rule 60 read as follows:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

\* \* \* \* \*

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

\* \* \* \* \*

(6) any other reason justifying relief from the operation of the judgment.

court what is essentially a motion to remand the case to the superior court to permit determination of appellant's Rule 60 (b) motion. Additionally, appellant requests suspension of all appellate proceedings pending the superior court's decision of its Rule 60(b) motion.[2] The motion before us raises the question of what procedure is to be followed when a Civil Rule 60(b) motion for relief from judgment is made in the superior court while an appeal is pending in this court.

 We adopt a rule analogous to the one which was enunciated in our opinion in State v. Salinas.[3] We hold that while a civil appeal is perfected and pending in this court, the superior court has jurisdiction to deny a Civil Rule 60(b) motion. In the event the superior court determines that the Rule 60(b) motion should be granted, then in order to possess the authority to enter such an order it must first apply for and obtain a remand of the case from this court for the stated purpose of granting a Civil Rule 60(b) motion. Upon application by the movant, all appellate proceedings in this court will be stayed pending the superior court's resolution of the Civil Rule 60(b) motion.

Although there is a divergence in the federal circuits as to the choice of procedural techniques in such circumstances, we believe that the rule which we have adopted is in accord with the more persuasive federal authorities and is consonant with the objectives of our own Rules of Civil Procedure.[4]

It has been pointed out that there are two competing policies which require resolution in determining the procedure to be adopted in regard to a motion for relief from a judgment which is pending on ap-

---

2. In its motion before this court, appellant requests this court

 1. To remand this case to the Superior Court for the purpose of hearing and determining Appellant's Rule 60(b) motion.

 2. To suspend the proceedings on appeal to preserve appellant's right to have the pending appeal heard, together with an appeal from the Superior Court's findings on the Rule 60(b) motion if it is denied.

 Or, in the alternative, to enter an Order

 1. Permitting the Superior Court to entertain the appellant's application for an Order of that Court directing or indicating that it will entertain appellant's Rule 60(b) motion on remand of this case, and

 2. That appellant may appeal from an Order of the Superior Court refusing to make an Order indicating that it will entertain the motion and that such an appeal may be consolidated with the pending appeal and treated as a denial of appellant's Rule 60(b) motion, and

 3. Suspending this appeal to preserve appellant's right to have this appeal heard together with an appeal from the Superior Court's Order if the Rule 60(b) motion is denied, or if the Superior Court refuses to entertain appellant's application.

3. 362 P.2d 298, 299 (Alaska 1961). In Salinas, we said at 299:

 The question presented by this petition for review is whether the superior court has jurisdiction to grant a new trial on the grounds of newly discovered evidence, after an appellate court has affirmed a judgment of conviction and issued a mandate ordering the defendant to be taken into custody, but has not remanded the case to the superior court for the purpose of granting a new trial. There the question was answered in the following manner:

 If a motion for a new trial based on newly discovered evidence is made in the trial court after affirmance and remand, but within the time limit established by Rule 33, that court may consider and deny the motion without reference to this court. It cannot grant the motion without first applying for and obtaining a remand of the case from this court to the trial court for the stated purpose of granting a new trial.

Id. at 301 (footnote omitted).

4. Civil Rule 1 reads in part:
 These rules shall be construed to secure the just, speedy and inexpensive determination of every action and proceeding.
 Compare Supreme Court Rule 52 which states in part that:
 These rules are designed to facilitate business and advance justice.

peal. These policies have been characterized as

the traditional rule that only one court can have jurisdiction over a case at one time. * * * [T]he equally traditional notion that appellate court evaluation should not precede trial court consideration of matters properly within the province of a lower court.[5]

We are of the opinion that the most satisfactory resolution of these competing policies has been achieved by those courts which have followed the rule articulated in Smith v. Pollin.[6] In its essential outlines, the *Pollin* rule is substantially similar to the rule which we have adopted in this case.

The procedural rule adopted by the *Pollin* court has gained the approval of six circuits.[7] Illustrative of these later authorities is the Fifth Circuit's opinion in Ferrell v. Trailmobile, Inc.,[8] where it was said in part:

A party who considered himself entitled to relief both under Rule 60(b) and also by appeal, might, on occasion, be required to elect between the two remedies, if appeal deprived the district court of jurisdiction to consider the motion under Rule 60(b). The construction suggested by the Seventh Circuit makes both remedies available, and we think that is the right course.[9]

while his appeal is still pending, the proper procedure is for him to file his motion in the District Court. If that court indicates that it will grant the motion, the appellant should then make a motion in this court for a remand of the case in order that the District Court may grant the motion for new trial.

5. Note, Disposition of Federal Rule 60(b) Motions During Appeal, 65 Yale L.J. 708, 709 (1956) (footnotes omitted). The first rule is illustrated by the following cases: Zig Zag Spring Co. v. Comfort Spring Corp., 200 F.2d 901 (3d Cir. 1953); Baruch v. Beech Aircraft Corp., 172 F.2d 445 (10th Cir.), cert. denied, 338 U.S. 900, 70 S.Ct. 251, 94 L.Ed. 544 (1949); Wm. Goldman Theatres v. Loew's, Inc., 163 F.2d 241 (3d Cir. 1947), cert. denied, 334 U.S. 811, 68 S. Ct. 1016, 92 L.Ed. 1742 (1948), and Switzer v. Marzall, 95 F.Supp. 721, 722–723 (D.D.C.1951), where the court said:

The basic rule is that two courts cannot have jurisdiction of the same case at the same time, and that on perfecting of appeal the lower court is ousted of its jurisdiction.

* * * * *

The provision of Rule 60(b) that, 'A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation,' was included in the rule before the 1948 amendment; and it has not been interpreted as changing the general rule that the trial court is without authority to act once it has been divested of jurisdiction by taking of an appeal.

Our own Rule 60(b), Rules of Civil Procedure, also provides that "A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation."

6. 90 U.S.App.D.C. 178, 194 F.2d 349, 350 (1952). The court said:

We are of opinion, therefore, that, when an appellant in a civil case wishes to make a motion for a new trial on the ground of newly discovered evidence

7. Ryan v. United States Lines Co., 303 F.2d 430 (2d Cir. 1962); Ferrell v. Trailmobile, Inc., 223 F.2d 697 (5th Cir. 1955); Herring v. Kennedy-Herring Hardware Co., 261 F.2d 202 (6th Cir. 1958); Binks Mfg. Co. v. Ransburg Electro-Coating Corp., 281 F.2d 252 (7th Cir. 1960); Greear v. Greear, 288 F.2d 466 (9th Cir. 1961); Aune v. Reynders, 344 F.2d 835 (10th Cir. 1965).

8. 223 F.2d 697, 699 (5th Cir. 1955).

9. Note: In its moving papers in support of the motion in this court, appellant states that it "is now faced with the dilemma of preserving its right to an appellate review of the judgment and a determination of its Rule 60(b) motion."

Also of significance is the Ninth Circuit's opinion in Creamette Co. v. Merlino, 289 F.2d 569, 570 (9th Cir. 1961), where it said:

Accordingly. It is Ordered that appellant may, notwithstanding the pendency of the present appeal, present to the district court its application for an order of that court directing or indicating that it will entertain a motion under Rule 60(b)(2) providing this court makes a remand of the case for that purpose. Should the court so order, then a supplemental record showing such proceedings may be filed in this

In accordance with the foregoing, the motion to remand is denied and all appellate proceedings in this court are stayed pending the superior court's disposition of appellant's Rule 60(b) motion for relief from judgment.[10]

court. If the district court refuses to make such order indicating it will entertain such motion, the appellant may appeal therefrom and appellee may appeal from an order of the district court granting relief under said motion, and any such appeals may be consolidated with the pending appeal.

10. Subsequent to appellant's filing of the subject motion to remand, appellant filed a motion entitled "Designation of Attorney and Withdrawal of Motion." The gist of this motion is that appellant desires to withdraw its motion to remand. We have determined to remand this latter motion to the superior court for decision.