PAN ALASKA TRUCKING, INC. and
Alaska National Insurance
Company, Appellants,

v.

Damon E. CROUCH, and State of
Alaska, Workers' Compensation
Board, Appellee.

No. S–2417.

Supreme Court of Alaska.

May 5, 1989.

Rehearing Denied June 30, 1989.

Richard L. Waller, Trena L. Heikes and
Alex Vasauskas, Stone, Waller & Jenicek,
Anchorage, for appellants.

Chancy Croft, Anchorage, for appellee.

Before MATTHEWS, C.J., and
RABINOWITZ, BURKE, COMPTON
and MOORE, JJ.

OPINION

COMPTON, Justice.

The Alaska Workers' Compensation
Board (Board) awarded disability benefits
to Damon Crouch. His employer, Pan
Alaska Trucking, Inc., and its insurance
carrier, Alaska National Insurance Compa-
ny (collectively referred to herein as "Pan
Alaska") appealed the award to the superi-
or court, which affirmed. Pan Alaska ap-
peals.

I. FACTS AND PROCEEDINGS

In February 1981 Damon Crouch was
injured while driving a truck for Pan Alas-
ka Trucking. In January 1983 he filed an

Application for Adjustment of Claim with the Board. Two days later, Pan Alaska controverted the claim.

In August 1985 Crouch filed a second application and requested a hearing on his claim. Pan Alaska petitioned the Board to dismiss Crouch's claim on the ground that he had failed to request a hearing within two years of the date of controversion. The petition was denied.

A hearing was held before the Board on October 7, 1986. In a written decision, the Board found that Crouch was permanently totally disabled as a result of his employment and awarded him disability benefits, costs, and attorney's fees. Pan Alaska filed a notice of appeal in superior court and requested that the court stay enforcement of the award pending appeal. The superior court denied this request, and Pan Alaska paid past benefits to Crouch. Pan Alaska then sought a stay of that portion of the Board's order awarding Crouch costs and attorney's fees. That motion too was denied.

The superior court affirmed the Board's decision and awarded Crouch additional attorney's fees.

## II. DISCUSSION

*The Board Erred in Failing to Apply AS 23.30.110(c) to Crouch's Claim*

Pan Alaska contends that the Board should have denied Crouch's claim pursuant to AS 23.30.110(c). Section 110(c), as amended July 1, 1982, provides in part: "If a claim is controverted by the employer and the employee does not request a hearing for a period of two years following the date of controversion, the claim is denied."

Crouch does not deny that more than two years passed between Pan Alaska's controversion of his claim and his request for a hearing. Instead Crouch contends that because he was injured prior to the effective date of the amendment grafting the two-

year limit onto AS 23.30.110(c), the limit does not apply to his claim.[1]

The sequence of relevant events is as follows:

February 1981: Crouch suffers heart attack at Prudhoe Bay.

July 1982: Amendment takes effect, requiring claimants to request a hearing within two years of controversion.

January 1983: Crouch files claim and two days later the claim is controverted.

August 1985: Crouch requests a hearing on his claim.

Because the facts are not in dispute and the issue to be resolved is one of statutory interpretation, and because deference to agency expertise is not appropriate here, the court will apply its independent judgment to this issue. *Hood v. State, Workmen's Compensation Board,* 574 P.2d 811, 813 (Alaska 1978).

◼ As a general rule, statutes are presumed to operate prospectively only, and will not be applied to causes of action arising prior to their enactment unless a contrary legislative intent appears by express terms or necessary implication. *See Hood v. State,* 574 P.2d at 813–814. This court has held, however, that the presumption against retroactive application does not apply to procedural statutes. *Matanuska Maid, Inc. v. State,* 620 P.2d 182, 187 (Alaska 1980). Because procedural statutes often alter only the legal effects of events occurring during the legal *process,* courts have treated as irrelevant the date of the events giving rise to the cause of action:

[P]rocedural statutes may become operative when and if the procedure or remedy is invoked, and if the trial postdates the enactment, the statute operates in the future regardless of the time of the occurrence of the events giving rise to the cause of action.

*Matanuska Maid,* 620 P.2d at 187 (quoting *Aetna Casualty & Surety Co. v. Industri-*

1. Prior to July 1, 1982, AS 23.30.110(c) provided in part:

The board shall ... upon application of an interested party ... order a hearing on [the claim].... If no hearing is ordered within 20

days after [the board has notified the employer that a claim has been filed], the board shall by order reject the claim or make an award with respect to it.

*al Accident Commission,* 30 Cal.2d 388, 182 P.2d 159, 161 (1947)).

Alaska Statute 23.30.110, entitled "Procedure on Claims," does not grant or define a substantive right, but instead sets up the legal machinery through which a right is processed. There can be little doubt that it usually would be described as a "procedural" statute. Applied in this case, the amendment could fairly be said to operate only prospectively: it merely directs the claimant to take certain action following controversion—here, controversion occurred after enactment.

This court has recognized that some "procedural" statutes demand special treatment: Where a change in a procedural statute significantly alters the legal consequences of the events giving rise to a cause of action, it is treated as substantive in character. *See Matanuska Maid,* 620 P.2d at 187. Crouch argues here that because the change in AS 23.30.110(c) "results in the absence of any effective remedy to enforce a substantive right," the change should be treated as substantive. But in deciding whether a change is substantive in character, it will hardly suffice that a new rule has proved dispositive in a particular case: if ignored, nearly any procedural rule can play a role in the disposition of a case. Rather, a change in a procedural rule is substantive in character where the change makes it appear to one just starting down the road to vindication of his cause that the road has become more difficult to travel or the goal less to be desired. For example, a change in the burden of proof to be borne by a party, though clearly a change in procedure, may make it less likely from the outset that the party will arrive at a favorable resolution of his claim. The same clearly cannot be said of the amendment in this case. It is only in retrospect that the obstacle posed by the two-year limit appears imposing. This claim has faltered on the two-year limit not because it was a significant obstacle, but because Crouch failed to pay it any heed.

The amendment to AS 23.30.-110(c) merely effects a change in procedure and does not alter the legal consequences of events giving rise to the cause of action. Therefore, the presumption against retroactivity has no application in this case. The Board erred in failing to apply AS 23.30.110(c) to Crouch's claim.[2]

### III. CONCLUSION

Crouch's claim is barred by AS 23.30.-110(c). The holding of the superior court is REVERSED and the case is REMANDED for proceedings consistent with this opinion.

RABINOWITZ, Justice, dissenting.

I dissent from this court's holding that the superior court erred in affirming an award of disability benefits to Damon Crouch.

The court concludes that AS 23.30.110(c), as amended by the legislature after Crouch's injury occurred, should apply retroactively in this case so as to bar Crouch's disability claim. While I agree with the court's view that AS 23.30.110(c) is procedural in nature, and thus may be applied retroactively in general, I cannot agree that it should be applied retroactively in this case. The court's retroactive application of this statutory provision imposes undue hardship on Crouch. As this court has explained in the past, "[c]onsideration is given to applying a ruling prospectively 'whenever injustice or hardship will thereby be averted.'" *Warwick v. State ex rel. Chance,* 548 P.2d 384, 393–94 (Alaska 1976).

This court has "unfettered discretion to apply a ruling ... purely prospectively." *Id.* at 393. "[W]e have previously identified four conditions indicating the propriety

---

2. Pan Alaska also contends that the superior court erred in denying its motion for a stay of the Board's compensation order pending appeal. Pan Alaska's payment of compensation and attorney's fees has rendered this issue moot. The public interest exception to the mootness doctrine is limited to issues of "grave public concern" which are capable of repetition, yet evade review. *Etheredge v. Bradley,* 502 P.2d 146, 153 (Alaska 1972). Because the issue raised is not one of grave public concern, we do not reach it.

of non-retroactive treatment in civil cases: 1) the holding is one of first impression, or overrules prior law, and was not foreshadowed in earlier decisions; 2) there has been justifiable reliance on an alternative interpretation of the law; 3) undue hardship would result from retroactive application; and 4) the purpose and intended effect of the holding is best accomplished by prospective application." *Plumley v. Hale,* 594 P.2d 497, 503 (Alaska 1979) (citing prior cases), *cited in Alaskan Village, Inc. v. Smalley,* 720 P.2d 945, 949 (Alaska 1986), and *quoted in McAlpine v. University of Alaska,* 762 P.2d 81, 86 (Alaska 1988). In citing the avoidance of undue hardship as a "major consideration" in deciding whether to apply a rule only prospectively, we quoted Justice Cardozo as follows:

> I think it is significant that when the hardship is felt to be too great or to be unnecessary, retrospective operation will be withheld.... When so much else that a court does, is done with retroactive force, why draw the line here? The answer is, I think, that the line is drawn here, because the injustice and oppression of a refusal to draw it would be so great as to be intolerable.

*Warwick,* 548 P.2d at 395–96 (quoting B. Cardozo, *The Nature of the Judicial Process* 146–49 (1921)). Applying the four factors set forth above to the facts in this case leads directly to the conclusion that AS 23.30.110(c) should be given prospective effect only.[1]

1. *Retroactive Application of AS 23.30.110(c) Will Cause Undue Hardship in This Case.*

The hardship that Crouch will suffer by denying him disability benefits is certainly "undue." The Workers' Compensation Board awarded Crouch, a truck driver since 1949, disability benefits as a result of a work-related heart attack. The heart attack occurred during a round-trip winter haul from Fairbanks to Prudhoe Bay which required, among other things, the repeated installation and removal of seventy-five pound tire chains. The Board found that Pan Alaska was fully aware of Crouch's injury within days of its occurrence, and that it had access to evidence relating to the heart attack throughout his recovery period. The Board concluded that "the defendants were not prejudiced by the employee's delay in filing his claim." The denial of disability benefits to Crouch, who may be precluded by the nature of the worker's compensation system from seeking any other form of recovery,[2] will surely cause hardship.

Crouch's conduct in filing for a belated hearing is far from blameworthy. He suffered his heart attack in February of 1981. Effective in July of 1982, AS 23.30.110(c) was amended to require Crouch to request a hearing within two years of his claim being "controverted." In January of 1983, Crouch's first attorney, Robert C. Blackford, filed his claim for disability benefits. ANI "controverted" the claim two days later. Thus Crouch had to request a hearing by January of 1985.

During late 1983 or early 1984, Robert Blackford terminated his practice of law and left Alaska. In January of 1984, the Alaska Bar Association petitioned for Blackford's cases to be reassigned to other attorneys. The superior court granted this petition on January 30, 1984. On February 3, 1984, the superior court instructed the attorney handling the reassignments that she need not inform clients of pending limitations periods. On the other hand, the superior court did instruct her to inform Blackford's former clients that "time is of the essence in securing new representation."

On April 25, 1984, the superior court authorized the release of Crouch's file, and by May 21, 1984, Crouch had secured the

---

1. This rule of "prospectivity" applies "whether the subject of the new decision is common law or statute." *Schreiner v. Fruit,* 519 P.2d 462, 466 n. 23 (Alaska 1974); *see also State v. Aleut Corp.,* 541 P.2d 730, 740 n. 25 (Alaska 1975) (interpretation of AS 38.05.305 applied prospectively).

2. Recovery pursuant to the Workers' Compensation system is generally exclusive of a worker's right to seek recovery on other theories of liability. *Elliott v. Brown,* 569 P.2d 1323, 1327 (Alaska 1977).

representation of his current attorney, Chancy Croft. Although AS 23.30.110(c) purportedly allows workers' compensation claimants twenty-four months to request a hearing on controverted claims, Crouch was effectively given only seven months (until January 1985) to do so. Crouch's replacement attorney filed for a hearing within fifteen months of the date Crouch's case was assigned to him. Thus, I would conclude that a retroactive application of AS 23.30.110(c) will cause Crouch "undue hardship" on this record. *See Plumley,* 594 P.2d at 503.

### 2. *Did Crouch Justifiably Rely on Prior Interpretations of AS 23.30.-110(c)?*

The only prior interpretations of AS 23.-30.110(c) were those issued by the Board. In those decisions the Board had uniformly held that the time period in AS 23.30.110(c) would apply prospectively only to causes of action arising after its enactment.[3] An attorney should not be required to anticipate that settled, apparently reasonable rules affecting a client will be reversed during the litigation of his client's claims. Accordingly, reliance on uncontradicted Board precedent that AS 23.30.110(c) would only be applied prospectively was "justifiable" in this case. *See id.*

### 3. *Does This Court's Interpretation of AS 23.30.110(c) Involve an Issue of First Impression and Was it Foreshadowed by Earlier Decisions?*

The question of whether the time period in AS 23.30.110(c) should apply to causes of action arising before its passage is one of "first impression" as it has never before been considered by this court. A consider-

ation of whether it can fairly be said that our interpretation of AS 23.30.110(c) was "foreshadowed" is inconclusive, and "neither ... compels retroactive application ... [nor] prospective application." *See id.*[4]

### 4. *Is the Purpose and Effect of AS 23.30.110(c) Best Served by Applying It Prospectively in This Case?*

Although its legislative history is silent, the purpose of AS 23.30.110(c) is arguably to reduce the possibility that loss of evidence or the loss of recollection on the part of witnesses would hinder employers in their ability to effectively defend against workers' claims. This same purpose will generally be served by the court's holding that AS 23.30.110(c), as a procedural provision, should be applied retroactively. However, it cannot be said in this case that a retroactive application of AS 23.30.110(c) will serve this purpose. *See id.* The Board found that the defendants were not prejudiced by Crouch's delay of seven months beyond the period allowed in AS 23.30.110(c) for requesting a hearing. Furthermore, because AS 23.30.110(c) and the scheme it is a part of "should be liberally construed in favor of the employee," *Hood v. State, Workmen's Compensation Bd.,* 574 P.2d 811, 813 (Alaska 1978), and in furtherance of the "liberal humanitarian purposes of the Act," *Burgess Constr. Co. v. Lindley,* 504 P.2d 1023, 1025 (Alaska 1972), it appears that the statute's purposes will be best served in this case by deciding to apply AS 23.30.110(c) only prospectively. *See, Commercial Fisheries Entry Com'n v. Byayuk,* 684 P.2d 114, 118–19 (Alaska 1984).

---

**3.** The Board applied AS 23.30.110(c) prospectively in *Damon Crouch v. Pan Alaska Trucking,* AWCB No. 86–0002 at 1 (January 8, 1986); *James McFadden v. National Mechanical,* AWCB No. 85–0082 at 2 (March 26, 1985); *Walter Adler v. The Lodge, Inc.,* AWCB No. 84–0382 at 2–3 (November 30, 1984).

**4.** It is questionable whether our interpretation of AS 23.30.110(c) was "foreshadowed" by prior

decisions. On one hand it can be concluded that it was not foreshadowed, as we have never before decided whether to apply AS 23.30.110(c) retrospectively. The only prior rulings relating to the provision were those of the Board declining to apply the provision retrospectively. On the other hand, it is a general rule, subject to the exceptions herein discussed, that a procedural statute will apply from the date it takes effect.

Therefore I would hold that AS 23.30.-110(c) should not be applied retroactively in this case.[5]

---

**5.** I agree with the court's holding that the superior court did not err in denying Pan Alaska's motion for stay.