Danny Lind
**CHARLESWORTH, Appellant,**

v.

**STATE of Alaska, CHILD SUPPORT EN-FORCEMENT DIVISION, ex rel. Ralphena Lorraine CHARLESWORTH, Appellees.**

No. S–2970.

Supreme Court of Alaska.

September 15, 1989.

As Amended Sept. 20, 1989.

Vincent Vitale, Law Offices of Vincent Vitale, Anchorage, for appellant.

Elizabeth Page Kennedy, Asst. Atty. Gen., Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellees.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

OPINION

COMPTON, Justice.

This appeal arises from an order modifying a non-custodial parent's child support obligation. This parent contends that the trial court's modification order was not justified by a material change in circumstances. He also contends that the trial court misapplied the child support guidelines set out in Alaska Civil Rule 90.3.

I. STATEMENT OF FACTS

Danny Lind Charlesworth and Ralphena Charlesworth were divorced in 1981. An agreement of the parties, incorporated by reference in the decree, awarded custody of the parties' two children to Ralphena and provided for "reasonable visitation" by Danny. The agreement further provided that Danny would pay child support of $100 per month per child, but would pay no child support during months in which the children were in his care.

In May 1988 Ralphena, through the Child Support Enforcement Division (CSED),

moved to modify the child support provisions. She asserted that three changes in circumstances justified modification: (1) passage of seven years; (2) orthodontic expenses; and (3) her desire to establish a college fund for the children.

Ralphena requested that Danny's child support obligation be increased to a total of $800 per month. She arrived at this figure by using the formula provided in section (a) of Alaska Civil Rule 90.3.

In his "Qualified Opposition to Motion to Modify," Danny did not contend that these changes in circumstances had not occurred, nor did he dispute the "adjusted annual income" figure used by his wife in calculating support. Instead he argued that the parties had maintained "shared physical custody" of the children and the support payments should therefore be calculated under section (b) of Civil Rule 90.3, not section (a).[1] Calculating support under section (b), Danny arrived at a figure of $387.46 per month.

Without disclosing the basis for its decision, the superior court entered an order modifying the decree. The order increased Danny's monthly child support obligation to $800.

On appeal, Danny renews his argument that his support payments should be calculated under Civil Rule 90.3(b). In addition, Danny argues for the first time that no change of circumstances has occurred and that the trial court therefore erred in granting Ralphena's motion to modify.

## II. DISCUSSION

### A. STANDARD OF REVIEW.

This appeal raises two issues: (1) whether the adoption of Civil Rule 90.3 constitutes a material change in circumstances; and (2) whether the existence of "shared physical custody" is determined by examining the decree or by considering the actual time spent with each parent. Both of these issues are issues of law. Therefore,

we resolve the issues without deference to the trial court's decision. *Guin v. Ha,* 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

### B. THE ADOPTION OF ALASKA CIVIL RULE 90.3 CONSTITUTES A MATERIAL CHANGE IN CIRCUMSTANCES FOR PURPOSES OF RALPHENA'S MOTION TO MODIFY CHILD SUPPORT.

Danny contends that modification of a support order may be granted only where there has been a material change in circumstances since entry of the original order. He contends that no such change has occurred in this case.

Ralphena contends that the adoption of Civil Rule 90.3, among other things, constitutes a material change in circumstances.[2]

This court adopted Alaska Civil Rule 90.3 on April 30, 1987. The rule became effective on August 1, 1987. Alaska Supreme Court Order No. 833 (April 30, 1987). Civil Rule 90.3 sets out guidelines for the calculation of child support awards.

An amendment to AS 25.24.170 was approved by the governor on May 27, 1988, and became effective August 25, 1988. Ch. 68, § 2, SLA 1988. The added section provides:

> For the purposes of a motion to modify or terminate child support, the adoption or enactment of guidelines or a significant amendment to guidelines for determining support is a material change in circumstances, if the guidelines are relevant to the motion.

AS 25.24.170(b).

The trial court's modification order does not indicate on what basis the court determined that a material change of circumstances had occurred. On appeal, this court will not disturb a proper result, regardless of the reasoning employed below. *Davis v. Hallet,* 587 P.2d 1170, 1173 (Alaska 1978). Thus, because we conclude that the adoption of Civil Rule 90.3 constitutes a material change of circumstances, we up-

---

1. Danny appears to have conceded that if a modification was granted, Civil Rule 90.3 would apply. He does not concede that the adoption of Civil Rule 90.3 constituted a change in circumstances.

2. Because we conclude that the adoption of Civil Rule 90.3 constitutes a material change in circumstances, we do not reach the other purported changes in circumstances.

hold the trial court's decision to modify the support order.

Danny contends that AS 25.24.170(b) would operate retroactively if applied in this case. He contends that the legislature did not intend AS 25.24.170(b) to operate retroactively.

Applied in this case, AS 25.24.170(b) operates retroactively and alters the legal consequences of an event occurring prior to its effective date, namely, the adoption of Civil Rule 90.3. Applied prospectively only, the section merely prescribes the legal consequences of future changes in the guidelines.

As a general rule, a statute will not be applied retroactively unless a contrary legislative intent appears by express terms or necessary implication. *Pan Alaska Trucking, Inc. v. Crouch*, 773 P.2d 947 (Alaska 1989).

The act amending AS 25.24.170 was approved soon after the adoption of Civil Rule 90.3. The amendment refers specifically to the adoption of "guidelines." Thus, there can be no doubt that the legislature intended the amendment to operate retroactively.[3] Accordingly, the adoption of Civil Rule 90.3 constitutes a material change in circumstances for purposes of Ralphena's motion to modify child support.[4]

### C. THE TRIAL COURT DID NOT ERR IN CALCULATING DANNY'S CHILD SUPPORT OBLIGATION UNDER SECTION (a) OF CIVIL RULE 90.3.

In cases "in which one parent is awarded sole or primary physical custody," the child support award is to be calculated under section (a) of Civil Rule 90.3. Alaska R.Civ.P. 90.3. In cases "in which the parents are awarded shared or joint physical custody," the child support award is to be calculated under section (b) of Civil Rule 90.3. *Id.* Civil Rule 90.3(f) provides:

> A parent has shared or joint physical custody of children for purposes of this rule if the children reside with that parent for a specified period of at least 25 percent of the year, regardless of the status of legal custody. A parent has sole or primary physical custody of children for purposes of this rule when the other parent has physical custody of the children less than 25% of the year.

The parties' dissolution agreement, executed in 1981, provided for "reasonable visitation." It further provided that "in the case where father has children for at least one month not to exceed three months child support will be excluded."

The trial court's modification order indicates that the court calculated child support under section (a) of Civil Rule 90.3.

Danny contends that the court should instead have calculated child support under section (b). He contends that because the children spend approximately 30 percent of each year in his care, he has "shared or joint physical custody" of the children for purposes of Rule 90.3.

A parent has shared or joint physical custody only if "the children reside with that parent for a *specified period* of at

---

**3.** Danny fails to note that the trial court entered its modification order prior to the effective date of the amendment to AS 25.24.170. This fact is, in any case, of no import: where it is clear that retroactive effect was intended, the appellate court should adjudicate the case according to the law in existence at the time of the appellate decision rather than at the time of the judgment below. 2 C. Sands, *Sutherland Statutory Construction* § 41.04 (4th ed. Supp.1985).

**4.** Danny also contends that Civil Rule 90.3, as a procedural rule, cannot be changed by the legislature except by a two-thirds vote of each house. *See* Alaska Const. art. IV, § 15. Danny contends that AS 25.24.170(b), if given effect, would change Civil Rule 90.3. He contends that AS 25.24.170(b) was not enacted by two-thirds vote, and that it therefore should not be given effect.

Danny's argument is without merit. To the extent that the statute is inconsistent with the rule, the statute prevails. A note appended to Rule 90.3 provides:

> This rule is adopted under the supreme court's interpretive authority pursuant to article IV, section 1 of the Alaska Constitution. Thus, it may be superseded by legislation even if the legislation does not meet the procedural requirements for changing rules promulgated under article IV, section 15.

*Alaska Supreme Court Order No.* 833 (April 30, 1987).

least 25 percent of the year." Alaska R.Civ.P. 90.3(f) (emphasis added). The term "specified period" can only refer to a period specified in the *decree* or in an order modifying the decree.

██ The decree in this case did not specify that the children would reside with Danny for at least 25 percent of the year. Moreover, Danny did not expressly seek an order modifying the visitation provision of the decree.

We thus affirm the trial court's award. Danny, however, is not precluded from moving to modify the visitation provision of the decree to express a specified period of residence with him in conformity with the historic practice of the parties.

## III. CONCLUSION

The decision of the superior court is AFFIRMED.