565 A.2d 209

**Leila Elaine ROGERS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (STROUSE/GREENBERG & COMPANY and Hartford Insurance Company), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 18, 1989.

Decided Oct. 23, 1989.

Mitchell A. Sommers, for petitioner.

W. Jeffrey Sidebottom, Lancaster, with him, Paul D. Clouser, Middletown, Barley, Snyder, Cooper & Barber, Lancaster, for respondents.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Leila Elaine Rogers, Claimant in this workmen's compensation case, petitions for review of an order of the Workmen's Compensation Appeal Board (Board), sustaining a referee's decision modifying her compensation benefits from total disability to those for partial disability. We affirm in part and reverse in part.

■ The facts as set forth in the referee's findings, which we find are supported by substantial evidence, include the following:

1. The Claimant, as a result of work activities for Strouse Greenberg and Co., sustained a low. back injury on September 22, 1984 and has been receiving compensation in accordance with a Notice of Compensation Payable dated November 8, 1984, indicating an average weekly wage of $209.23 and a compensation rate of $160.00.

. . . .

7. This Referee has reviewed the evidence in this matter including the medical testimony submitted by Claimant and defendant. This Referee believes that the claimant is only partially disabled and finds the vocational placement testimony of Mr. Risser and the testimony of Dr. Robert C. Steinman credible and believable that the Claimant is able to work within restrictions and that such work is available to the Claimant. Unfortunately for the Claimant, she elected not to follow up on job referrals that were sent to the Claimant by Hoover Rehabilitation Services, and her only allegation is that she feels she is totally disabled. However, this Refere [sic] does not accept that contention and accepts the testimony of Dr. Steinman that the Claimant is only partially disabled and accepts the testimony of Defendant's vocational expert that there are jobs within the Claimant's reach, given her vocational educational and medical restriction background. Although there were many jobs which the Claimant could perform, as set forth in the testimony in this case, this Referee particularly finds that the testing inspector job at Electron Energy Corporation is appropri-

ate for the Claimant and will establish an earning power based on that position which the claimant failed to apply for or fill an application. The earning power of that position was $171.20 effective September 25, 1986.

There |was countervailing testimony adduced by the Claimant as to which the referee made the following findings:

10. This Referee rejects Dr. Gurr's testimony that the Claimant is chronically disabled as not competent; and accepts that portion of Dr. Shultz's testimony as competent and credible that under the restrictions set by Dr. Steinman, a Doctor of Physical Medicine, that Claimant can work as an inspector at Electron Energy Corporation.

11. The Claimant's allegation in this matter is that she is totally disabled and unable to do any type of gainful employment, and This Refere [sic] does not find this testimony credible or believable.

Our study of the record, particularly as to the principal issue presented to us, of whether or not there is light work available within Claimant's physical capabilities, supports the referee's findings and conclusions that Claimant's total disability weekly benefits of $160.00, based on injury date earnings of $209.23 per week, are reduced as of September 25, 1986, on his finding of a partial disability earning power of $171.20, resulting in a loss of earnings of $38.03, reducing the Claimant's compensation to the partial disability rate of $25.37 per week. Since the referee had granted a supersedeas as of the date of the Employer's petition therefor, September 25, 1986, he concluded that payments made thereafter which exceeding the reduced benefit rate of $25.37 after September 25, 1986, should be recouped by the Employer's insurer at the rate of $5.00 per week deducted from the future weekly benefits of $25.37 per week.

Since we conclude that the Employer in this case complied with the requirements for establishing job availability as prescribed by the Supreme Court in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), we will affirm the

referee's decision as to partial disability. *See also Associated Plumbing & Heating v. Workmen's Compensation Appeal Board (Hartzog, Jr.),* 126 Pa.Commonwealth Ct. 618, 560 A.2d 865 (1989).

▮ Nevertheless, however, we find error in the referee's treatment of overpayments of benefits after September 25, 1986. In this connection, we note that in the referee's Conclusions of Law he stated:

6. Defendant shall be entitled to a credit for overpayments of compensation on and after September 25, 1986. However, Defendant shall be able to take a credit for overpayments of compensation from partial disability at the rate of no more than $5.00 per week for overpayments of compensation.

In his Order, Paragraph 2, he stated:

Defendant may take credit at no more than $5.00 per week for any overpayments of compensation.

Initially, we note that there is no provision in the workmen's compensation laws for recoupment in the manner adopted by the referee. The remedy for such overpayment is by claim presented to the Supersedeas Fund of Pennsylvania provided for in Section 443 of The Pennsylvania Workmen's Compensation Act (Act), enacted June 2, 1915 P.L. 736, *as amended,* 77 P.S. § 999. In the case of *Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Allstate Insurance Co.),* 96 Pa. Commonwealth Ct. 566, 570, 508 A.2d 388, 390 (1986), we stated:

The obvious purpose of the Fund is to provide a means to protect an insurer who makes compensation payments to a claimant who ultimately is determined not to be entitled thereto. *The Legislature recognized that recoupment from the claimant was impractical and would undermine the benevolent purposes of the Act.* (Emphasis added.)

Furthermore, this Court has ruled that overpayments such as those in this case which result from a grant of a

supersedeas retroactively from the date of the supersedeas order, are collectible by application to the Supersedeas Fund. In an en banc decision of this Court in the case of *Department of Labor and Industry v. Workmen's Compensation Appeal Board*, 34 Pa.Commonwealth Ct. 265, 271, 383 A.2d 261, 263 (1978), in so ruling, we stated:

> In the instant case the Insurer filed its request for supersedeas on March 13, 1975. The request was granted on April 21, 1975, and the contemporaneous petition for termination was ultimately granted, effective February 28, 1975. The referee directed reimbursement from the Fund for payments made between the date the request for supersedeas was filed, March 13, 1975, and the effective date of the granting of the supersedeas, April 17, 1975.

> The referee's order, as affirmed by the Board, is clearly consistent with the purpose behind Section 443 of the Act, which is to reimburse the Insurer for payments it continued to make to the employe when in fact the employe was no longer entitled to receive them. We affirm.

*See also Westmoreland Casualty Co. v. Workmen's Compensation Appeal Board*, 32 Pa.Commonwealth Ct. 492, 379 A.2d 1080 (1977).

Accordingly, in light of the foregoing, we will affirm the referee's decision, except insofar as it purports to impose on the Claimant's weekly compensation payments a recoupment reduction in such weekly payments.

## ORDER

NOW, October 23, 1989, the order of the Workmen's Compensation Appeal Board, as of No. A–94447, dated November 23, 1988, is hereby affirmed, except the referee's decision to reduce Claimant's partial disability payments by a weekly sum in recoupment of Employer's and its Insurer's overpayments resulting from the grant of a supersedeas retroactively, is reversed.