583 A.2d 860

**BRAUN BAKING COMPANY and Insurance Company of North America, Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (STEVENS), Respondent.**

**Roland STEVENS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BRAUN BAKING CO.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 12, 1990.

Decided Dec. 6, 1990.

500

A.J. Plastino, II, with him, James R. Burn, Jr., Pittsburgh, for petitioners/respondent, Braun Baking Co. and Ins. Co. of North America.

Edward Jaffee Abes, Edward Jaffee Abes & Associates, P.C., Pittsburgh, for respondent/petitioner, Roland Stevens.

Before DOYLE and BYER, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

Roland Stevens, the claimant and Braun Baking Co., his employer, have filed cross-appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed an order of a referee denying the employer's termination petition but granting a suspension of benefits.

While at work, the claimant injured his back and began collecting total disability benefits pursuant to a notice of compensation payable. He returned to work for a short period of time but suffered a recurrence and has been collecting benefits for total disability since November of 1982. In 1986, the employer filed a suspension petition, alleging that it had light duty jobs available which the claimant could perform; the employer also requested a supersedeas. The employer later filed a termination petition based upon claimant's refusal to undergo surgery which would improve his condition. Following the initial hearing on these petitions, the referee granted a supersedeas effective November 14, 1986.

A number of hearings were held, following which the referee found that the surgery was not reasonable under the circumstances. The referee, therefore, denied the employer's termination petition based upon that refusal. The referee also found that the claimant had been offered light duty jobs he was capable of doing at a pay rate exceeding his time of injury wages. Accordingly the referee granted the employer's suspension benefits. The referee also ordered the employer to pay certain medical bills and costs of

litigation incurred by the claimant. Each party appealed to the Board which affirmed in all respects. These cross-appeals followed.

The claimant makes two allegations of error. He first alleges that the referee and Board committed an error of law in suspending his benefits because of the availability of light duty jobs he was capable of performing. The claimant does not challenge the referee's factual finding that he could do these jobs. Any such challenge would be meritless since there was testimony from the employer's medical expert that the claimant was capable of performing these jobs even in his present physical condition. His only argument in this regard is that the employer's notice to him of the availability of the jobs was legally deficient. We do not agree.

■ The employer presented two witnesses concerning job availability. In October of 1986, Mr. Rob Anderson, then the employer's personnel manager, testified that he had informed the claimant of four available light duty jobs with the employer, all of which paid more than the claimant's time of injury wage. Mr. Anderson also brought copies of letters he sent to the claimant informing him of these jobs; these letters were introduced into evidence. Six such letters were introduced into evidence, the last one dated April of 1987. In June of 1988, Ms. Kathleen Blank, who had replaced Mr. Anderson, testified that the jobs were still available. The referee specifically credited this testimony and concluded that, since the claimant had made no effort to follow through on the referrals, his benefits had to be suspended pursuant to the Supreme Court's mandate in *Kachinski v. Workmen's Compensation Appeal Board (Vepco)*, 516 Pa. 240, 532 A.2d 374 (1987), and *Farkaly v. Workmen's Compensation Appeal Board (Baltimore Life Insurance Co.)*, 516 Pa. 256, 532 A.2d 382 (1987).

Claimant's only argument on this question is that the letters informing him of the jobs did not comply with the requirements of *Four–Way Construction Co. v. Workmen's Compensation Appeal Board (Snyder)*, 113 Pa.Com-

monwealth Ct. 235, 536 A.2d 873 (1988). In that case, an employer's vocational rehabilitation expert notified the injured employee's attorney that a job was available with a prospective employer; that notice contained only the name of the prospective employer. As we stated in affirming the Board's order denying the employer's modification petition:

> We do not mean to say that Employer must specifically detail every aspect of the job before Claimant has the responsibility to follow it up. Indeed, there is no requirement to provide the type or extent of detail contained in the form sent to Claimant's physician. But Employer must at least provide the Claimant or his counsel a general job classification along with a basic description to give Claimant something to go on.... Employer failed to do this. The decision of the Board must be affirmed.

Id., 113 Pa.Commonwealth Ct. at 239, 536 A.2d at 874–75 (citation omitted).

We need not discuss the contents of the letters in this case. The employer makes a point which is well taken. In his testimony, the claimant admitted that he had worked at these light duty jobs in the past. (N.T. 41–42, 6/14/88). Because the claimant had performed the very jobs offered to him by the employer, *Four–Way* is distinguishable. As the claimant received notice of the jobs which paid more than his time of injury wage and was given medical clearance by his treating physician, yet never attempted to do these jobs, the referee and the Board acted properly in suspending the claimant's benefits.

■ The claimant next argues that he is entitled to a remand. One of the claimant's medical experts was Dr. Charles Burks. To impeach Dr. Burks' credibility, the employer introduced evidence of various state convictions for violation of this Commonwealth's drug laws. Furthermore, the employer introduced evidence of a federal conviction for mail fraud. Since the time of the referee's decision, that conviction was reversed by the Court of Appeals for the Third Circuit because of insufficient evidence that the mails were used. *United States v. Burks*, 867 F.2d 795 (3rd Cir.1989). Claimant seeks a remand to inform the

referee of the reversal of the federal conviction. We do not believe a remand is appropriate under these circumstances.

In this case, the referee specifically chose to credit portions of Dr. Burks' testimony and not to credit other portions. Were the federal conviction the only evidence used to impeach Dr. Burks' credibility, a remand would not be necessary unless the referee specifically relied upon that conviction as a reason for rejecting the testimony. Such is not the case here. Furthermore, there was evidence of numerous other convictions which had not been reversed. Under these circumstances, we do not believe a remand is necessary.

■ The employer advances four reasons for reversal of the Board's order. It first argues that the referee and Board committed an error of law when reviewing the question of claimant's refusal to undergo surgery. We find no error in this regard.

Section 306(f)(4) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 531(4), provides in pertinent part that "[i]f the employe shall refuse reasonable services of duly licensed practitioners of the healing arts, surgical, medical and hospital services, treatment, medicines and supplies, he shall forfeit all rights to compensation for any injury...." In this case, the employer presented the testimony of Dr. David Foss, the claimant's treating orthopedist. Dr. Foss testified that he had recommended the claimant undergo surgery on his back to improve his condition; on cross-examination, Dr. Foss testified that, considering the claimant's other physical non-work related problems (diabetes mellitus) and his non-work related psychiatric problems (depression and paranoid schizophrenia), he would not recommend surgery unless specialists in those areas agreed that the benefits of surgery outweighed any risks related to those problems. Claimant presented the testimony of Dr. Burks who opined that claimant's diabetic condition made surgery too risky. He also presented the testimony of Dr. Ashit Vijapura, a psychiatrist, who stated that the claim-

ant's psychiatric problems made surgery too risky. Specifically crediting the aforementioned testimony, the referee concluded that the claimant's refusal to undergo surgery was reasonable. The employer argues that this conclusion is at odds with *Muse v. Workmen's Compensation Appeal Board (Western Electric Co.)*, 514 Pa. 1, 522 A.2d 533 (1987). We disagree.

In *Muse*, the referee found as a fact that the claimant's refusal to undergo medical treatment was reasonable. The Supreme Court held that the focus of such a case had to be the reasonableness of the surgery and not the reasonableness of the claimant's refusal to undergo surgery. Because the referee here couched his legal conclusion in terms of the reasonableness of the claimant's refusal, the employer argues error.

The employer ignores another part of *Muse*. "Had the claimant offered countervailing evidence that the surgery was unreasonable, or that he wasn't a good candidate for this surgery given his condition, the referee may have had a basis upon which to deny the employer's petition." *Id.*, 514 Pa. at 6–7, 522 A.2d at 536. While no such evidence was presented in *Muse*, the claimant here did present evidence that he was not a good candidate for surgery. As the referee believed that testimony, it is clear that the surgery was considered not reasonable. While the referee did state his conclusion in terms of the reasonableness of the claimant's refusal, it is clear that there is no error. The employer's argument must be rejected.

The employer next argues that the referee erred in requiring the employer to pay a bill of approximately $900.00 for services rendered by Dr. Burks to the claimant. The employer complains about its difficulty in dealing with Dr. Burks and the fact that the bill was submitted to the referee on stationary of a hospital after he had been dismissed from that hospital's staff. Despite these complaints, the referee found that Dr. Burks had provided reasonable and necessary medical services in treatment of

the claimant's work related injury. That finding is beyond our review as it is supported by Dr. Burks' own testimony.

■ The employer next argues that the referee erred in awarding the claimant approximately $2300.00 in various costs incurred in defense of the employer's termination petition. Section 440 of the Act provides:

In contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, where the contested issue, *in whole or in part,* is resolved in favor of the claimant, the claimant shall be entitled to an award of reasonable costs....

77 P.S. § 996.

The employer argues that there were two such petitions involved and that the claimant's bill of costs did not specify to which petition the costs were related. The employer also argues that it received a suspension on the petition involving job availability, thereby rendering "hollow" claimant's victory on the question concerning the refusal to undergo surgery. Section 440 specifically states that a claimant is entitled to costs if he prevails "in whole *or in part....*" As the claimant inarguably prevailed on a petition to modify benefits, we will not interfere with the referee's discretionary award of costs in this case, especially since the referee found those costs to be reasonable.

■ The employer finally argues that the referee and the Board erred in refusing to grant it a credit for overpayments of compensation made after jobs became available to the claimant but before the referee granted the employer's supersedeas petition. Again, the employer's position in this regard is not well taken. In *Rogers v. Workmen's Compensation Appeal Board (Strouse/Greenberg & Co.)*, 129 Pa.Commonwealth Ct. 230, 565 A.2d 209 (1989), we held that, where overpayments of compensation have been made, the employer should apply to the Supersedeas Fund for reimbursement rather than obtaining a credit

508

against future compensation payable. *Accord, Pennsylvania Macaroni Co. v. Workmen's Compensation Appeal Board (Cahill),* 36 Pa.Commonwealth Ct. 267, 387 A.2d 949 (1978), *Department of Labor & Industry v. Workmen's Compensation Appeal Board,* 34 Pa.Commonwealth Ct. 265, 383 A.2d 261 (1978). The employer's request in this case must be refused on the basis of our holding in those cases.

Affirmed.

## ORDER

NOW, December 6, 1990, the order of the Workmen's Compensation Appeal Board, dated February 26, 1990, at No. A–89447, is affirmed.