**Chancy CROFT, Appellant,**

**v.**

**PAN ALASKA TRUCKING, INC., and Alaska National Insurance Co., Appellees.**

**No. S–3681.**

Supreme Court of Alaska.

Nov. 15, 1991.

---

Chancy Croft, pro se.

Richard L. Waller, Alex K. Vasauskas, Stone, Waller & Jenicek, Anchorage, for appellees.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

 This appeal presents the issue of whether an employer is entitled to be reimbursed for attorney's fees paid to the employee's attorney during pendency of a workers' compensation appeal which was ultimately resolved in favor of the employer. We hold that the Alaska Workers' Compensation Act (Act) does not permit an employer to recoup payments made to claimants or their attorneys except by withholding future payments under AS 23.30.-155(j).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are not in dispute. The controversy arises from our decision barring Damon Crouch's claim for adjustment of workers' compensation benefits following his work-related injury. *Pan Alaska Trucking, Inc. v. Crouch*, 773 P.2d 947 (Alaska 1989). Crouch was injured while driving a truck for Pan Alaska Trucking in February 1981. He filed an Application for Adjustment of Claim with the Alaska Workers' Compensation Board (board) in January 1983, which Pan Alaska controverted two days later. Crouch filed a second claim and requested a hearing in August 1985. The board awarded Crouch permanent total disability benefits, costs, and attorney's fees. The superior court affirmed. *Id.* at 947–48. Pan Alaska appealed to this court.

Crouch received interim payments while Pan Alaska's appeal was pending, while his attorney, Chancy Croft, received attorney's fees. In May 1989, we held that Crouch's claim was barred by AS 23.30.110(c), which requires a claimant to request a hearing within two years of the date of controversion. *Crouch*, 773 P.2d at 949. On remand from this court, the superior court ordered Crouch and his counsel to reimburse Alaska National, and remanded the case to the board with orders to dismiss Crouch's claim. *Pan Alaska Trucking, Inc. v. Crouch*, No. 3AN–86–14320 CI.

Following our remand two other superior court cases arose. Alaska National Insurance Company (Alaska National), Pan Alaska's workers' compensation insurance carrier, filed a complaint seeking reimbursement of the funds paid to Crouch and Croft. *Alaska Nat'l Ins. Co. v. Croft*, No. 3AN–89–5100 CI. In addition, Alaska National sought an order from the board against Crouch and Croft for reimbursement of the same funds. The board concluded it lacked jurisdiction to order reimbursement, a conclusion from which Pan Alaska and Alaska National took an intermediate appeal. *Pan Alaska Trucking, Inc. v. Crouch*, No. 3AN–89–7213 CI. All three cases were consolidated by the superior court. The superior court entered an Amended Judgment ordering Crouch and Croft to reimburse Alaska National in the amount of $333,761.48 and $41,032.28 respectively.[1]

---

1. Croft appealed the amended judgment. Alaska National settled its claim against Crouch. The settlement agreement provided that Crouch would reimburse Alaska National in the amount of $50,000, and that he would prosecute legal malpractice actions against Croft and another

## II. DISCUSSION

■ We apply our independent judgment in reviewing the superior court's order because the facts are not in dispute and the issue to be resolved is one of statutory interpretation. *Crouch,* 773 P.2d at 948.

■ The issue we resolve is whether AS 23.30.155(j) provides the exclusive means by which an employer or its workers' compensation carrier may be reimbursed for overpayment of a workers' compensation claim. Alaska Statute 23.30.155(j) provides:

> If an employer has made advance payments or overpayments of compensation, the employer is entitled to be reimbursed by withholding up to 20 percent out of each unpaid installment or installments of compensation due. More than 20 percent of unpaid installments of compensation due may be withheld from an employee only on approval of the board.

This provision allows reimbursement only when unpaid installments of compensation are due. No other provision of the Act allows reimbursement of payments already made. Croft argues that since the Act was adopted by legislation which provides the exclusive remedy for all parties involved in work-related injuries, any recovery of overpayments is limited by the statutory procedures. Alaska National argues that the Act must be interpreted so as to be fair to both employers and employees, and that powers not specifically granted may be implied from the general policy and purposes of the legislation.

■ We agree with Croft that AS 23.30.- 155(j) provides the exclusive remedy for an employer to recover overcompensation. *Green v. Kake Tribal Corp.,* 816 P.2d 1363, 1366 n. 10 (Alaska 1991) (Under the Act no provision is made for recovery of employer's overpayments except withholding all or part of future payments). In reaching this conclusion, we employ the principle of statutory construction *expressio unius est exclusio alterius.* "The maxim establishes the inference that, where certain things are designated in a statute, 'all omissions should be understood as exclusions.' The maxim is one of longstanding application, and it is essentially an application of common sense and logic." *Puller v. Municipality of Anchorage,* 574 P.2d 1285, 1287 (Alaska 1978) (quoting 2A C. Sands, *Sutherland Statutory Construction* § 47.23 (4th ed. 1973)) (footnotes omitted). Citing AS 23.30.155(j), we have noted that the Act "provides limited protection to employers against risks of overcompensation of employees' claims." *Morrison v. Afognak Logging, Inc.,* 768 P.2d 1139, 1143 (Alaska 1989). Alaska Statute 23.30.155(j) specifically enumerates a remedy for overcompensation. In the absence of any indication in the Act to the contrary, the inference we draw is that the inclusion of this specified remedy was intended to exclude other remedies for overcompensation.[2] *See Sprague v. State,* 590 P.2d 410, 415 (Alaska 1979). The case for application of *expressio unius est exclusio alterius* is particularly compelling where, as here, the scheme is purely statutory and without a basis in the common law. Where a statutory scheme provides comprehensive and specific remedies, it "implies that the legislature did not intend to allow further unen-

---

attorney. Alaska National was to receive reimbursement up to what it had paid Crouch from the proceeds of the malpractice suits. The malpractice suit against Croft was settled before oral argument in this case. Based on the Alaska National/Crouch agreement, Croft filed a motion for relief from judgment under Alaska Rule of Civil Procedure 60(b). We granted Croft's motion to stay the appeal for 60 days pending the superior court's ruling on the Rule 60(b) motion. After the 60 days expired Croft moved for remand to the superior court, which we denied. Croft states in his reply brief that the superior court granted the Rule 60(b) motion and vacated the judgment requiring reimbursement, though we had not yet ruled on his mo-

tion for remand. The superior court does not have authority to grant a Rule 60(b) motion unless it has obtained a remand from this court. *Duriron Co. v. Bakke,* 431 P.2d 499, 500 (Alaska 1967). Therefore, the order granting relief from judgment is of no effect.

**2.** We base our holding not on the exclusive remedy provision of AS 23.30.055, but on AS 23.30.155(j) itself. AS 23.30.055 by its own terms states that the Act is the exclusive remedy an employee has against an employer for a work-related injury. It says nothing about employers' remedies.

umerated remedies." *Gore v. Schlumberger Ltd.*, 703 P.2d 1165, 1166 (Alaska 1985). The remedy for overcompensation in AS 23.30.155(j) is sufficiently specific for us to conclude that the legislature did not intend to allow further remedies.[3]

■ The remaining question is whether attorney's fees are "compensation" within the meaning of AS 23.30.155(j). Croft equates attorney's fees to time loss benefits, medical payments, vocational rehabilitation, and costs, all of which are part of the compensation package. Therefore, he argues, attorney's fees should be considered "compensation" and subject to the limited reimbursement procedures of AS 23.30.155(j). Alaska National contends that attorney's fees do not fall within the definition of "compensation" because they are payable either "in addition to the compensation awarded" or "out of the compensation awarded." AS 23.30.145. We conclude that compensation includes attorney's fees for purposes of AS 23.30.155(j).

"Compensation" is defined in the Act as "the money allowance payable to an employee or the dependents of the employee as provided for in this chapter, and includes the funeral benefits provided for in this chapter." AS 23.30.265(8). Alaska Statute 23.30.045(a) provides in part: "An employer is liable for and shall secure the payment to employees of the compensation payable under ... [AS] 23.30.145...." Alaska Statute 23.30.145 is the attorney's fees provision in the Act, thus it follows that attorney's fees are compensation in the context of employer liability. We conclude that the phrase "payable to an employee" in AS 23.30.265(8) does not limit "compensation" to payments made directly to the employee, but includes attorney's fees paid on behalf of the employee. Alaska Statute 23.30.-155(j) limits recovery of attorney's fees.

REVERSED.

MOORE, Justice, dissenting.

I agree with the majority that AS 23.30.-155(j) provides the exclusive remedy for overpayments of compensation in a workers' compensation case.

I must dissent, however, from that portion of the majority opinion which concludes that attorney's fees are compensation within the meaning of AS 23.30.155(j). That conclusion is directly contrary to the language and policy of the Act.

"Compensation" is defined in the Act as "the money allowance payable to an employee or the dependents of the employee as provided for in this chapter, and includes the funeral benefits provided for in this chapter." AS 23.30.265(8). Alaska Statute 23.30.045(a) provides in part that an employer "is liable for and shall secure the payment to employees of *the compensation payable under ... [AS] 23.30.145.*" (Emphasis added). Contrary to the opinion of the majority, not all payments made pursuant to AS 23.30.145 constitute "compensation" for purposes of the Act. Alaska Statute 23.30.145(a) expressly provides that when attorney's fees are payable by the employer or carrier, which the statute requires in controverted cases like the one involved here, the fees are to be paid *"in addition to the compensation awarded."* The majority blatantly and without expla-

---

**3.** Other states' workers' compensation schemes specifically provide that payments which are paid but not due must be recouped from a compensation fund. For example, in Pennsylvania, the proper procedure when overpayments have been made is to apply to the Supersedeas Fund. *Braun Baking Co. v. Workmen's Compensation Appeal Board (Stevens)*, 136 Pa.Cmwlth. 499, 583 A.2d 860 (1990); *Rogers v. Workmen's Compensation Appeal Board (Strouse/Greenberg & Co.)*, 129 Pa.Cmwlth. 230, 565 A.2d 209 (1989). Kansas has a fund from which an employer may be reimbursed if payments are later reduced or disallowed. *Johnston v. Tony's Pizza Serv.*, 232 Kan. 848, 658 P.2d 1047 (1983). A Michigan statute specifically

provides that if benefits paid during an appeal are later reduced or rescinded, the employer is reimbursed from the second injury fund. *McAvoy v. H.B. Sherman Co.*, 401 Mich. 419, 258 N.W.2d 414 (1977). Alaska also has a second injury fund, AS 23.30.040, but no similar provision for reimbursement of payments made during a successful appeal. The employer's interest may still be protected by seeking a stay of the judgment. *Wise Mechanical Contractors v. Bignell*, 626 P.2d 1085 (Alaska 1981) (In order to stay an award in a worker's compensation case, the employer must obtain a supersedeas bond and make a showing of "irreparable damage.") (citing AS 23.30.125(c); Alaska Const. art. IV., § 15; Alaska Appellate Rule 603).

nation ignores this distinction between attorney's fees and compensation, in effect creating a new definition of "compensation." Such a construction effectively renders meaningless the statute's distinction between "compensation" and attorney's fees, in violation of the rule that a "statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Libby v. City of Dillingham*, 612 P.2d 33, 43 (Alaska 1980) (Rabinowitz, J., concurring), citing 2A Sands, *Sutherland Statutory Construction*, § 46.06, at 63 (4th ed. 1973).

The purpose of AS 23.30.155(j) is to prevent a claimant from retaining funds he is not entitled to, while providing a reimbursement mechanism which softens the financial burden on claimants who have been overpaid. This framework is inapplicable to cases involving an employer's payment of attorney's fees to the employee's attorney during the pendency of a workers' compensation appeal which is ultimately resolved in favor of the employer. The Act's generous legal rate schedule was designed to account for the contingent nature of recovery in workers' compensation cases.[1] The majority's desire to compensate Croft for his efforts in this case is thus misplaced; Croft is overcompensated for the workers' compensation cases which he wins.

If the legislature *had* intended to provide a statutory mechanism for repaying the overpayment of attorney's fees, I am puzzled why it would have chosen the gradual repayment mechanism provided by AS 23.-30.155(j). Unlike the injured claimants whom the repayment mechanism is designed to protect, attorneys are not often in such dire financial circumstances that policy dictates gradual repayment of overpayments.

Instead of deviating from the mandates of the Act's language and purpose, I would hold that the overpayments received by an attorney in a workers' compensation case are not "compensation" within the meaning of the Act, and therefore that AS 23.30.-155(j) does not limit the recovery by an employer or insurance carrier of overpaid attorney's fees. If this law is to be changed, I believe it is the province of the legislature to do so.

---

1. *Wien Air Alaska v. Arant*, 592 P.2d 352, 366 (Alaska 1979) ("high awards for successful claims may be necessary for an adequate overall rate of compensation, when counsel's work on unsuccessful claims is considered").