Edward M. CORBIN, Appellant,

v.

Winona L. CORBIN, Appellee.

No. S–10281.

Supreme Court of Alaska.

May 2, 2003.

Maryann E. Foley, Law Office of Maryann E. Foley, Anchorage, for Appellant.

Winona L. Corbin, pro se, Vancouver, Washington.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

*OPINION*

MATTHEWS, Justice.

The issues raised in this case all pertain to the calculation of child support. The parties have three children: Justin, born in March 1984; Jarrod, born in May 1988; and Jameson ("Jamie"), born in September 1993. This action was brought in July 1999 and the parties separated in January 2000. The parties reached a child custody agreement on November 6, 2000, and it was incorporated by reference in the decree of divorce that was entered on March 1, 2001. The decree, however, did not resolve child support issues. Instead, the findings accompanying the decree provided that "child support shall be pursuant to Civil Rule 90.3 under the divided custody formula. The parties are to exchange updated Child Support Guidelines Affidavits within ten days of the date of this court order." After the parties made a number of submittals, the court entered an order governing the payment of child support on May 29, 2001. The court used the parties' year 2000 incomes for child support purposes. Edward's adjusted annual income for 2000, and his projected income for 2001, was $39,708.54. Winona's adjusted annual income was $22,007 for 2000 and $21,787 for 2001. The court also recognized that the parents had an obligation to pay support to third parties during periods third parties had cared for the children. Facts particular to specific points on appeal are stated below.

**Child Support—January–May 2000**

The most factually complicated issue concerns the award of child support for five months in the year 2000. The superior court ordered Edward to pay Winona monthly support for January and February of $346.35. For March through May Winona was ordered to pay Edward monthly support of $86.82. For the reasons that follow we conclude that Edward owes Winona $121.70 for January and February, and Winona owes Edward $80.03 for March and April, and $403.46 for May.

When the parties separated in January 2000 the two older boys, Justin and Jarrod, were living with their maternal grandparents in Washington. From January through April physical custody of Jamie was split equally between the parties. In early May Winona moved to Washington and Jamie stayed with Edward in Alaska. From March through May Justin stayed with Edward.

**A. January and February**

■ For January and February the court ruled:

[T]he parties have a duty to support all three minor children, not just Jamie.

Neither parent had custody of Justin or Jarrod during this time period. A parent is obligated to provide support for his or her children. If neither party had custody of Justin or [Jarrod], they may owe support to a third party who provided support to the children. Because neither party had physical custody of Justin and Jarrod, this court will calculate support for this period based on a 50/50 shared custody agreement for all three children. Edward's support obligation for all three children is $365.10 less $18.75 health credit, for a total support obligation of $346.35. [Footnotes omitted.]

Edward argues that basing support on a 50/50 shared custody arrangement for all three boys is in contravention of Civil Rule 90.3(i)(2) which provides:

If, in addition to a support obligation to a third party, one or both parents retain primary or shared physical custody of at least one of their children, the support obligation between the parents is calculated pursuant to the other paragraphs of this rule, without consideration of the third party custodian or any children in the custody of the third party custodian, except that the percentage in 90.3(a)(2) must be adjusted pro rata for the number of children in the primary custody of a parent, or

shared custody of the parents, compared to the total number of children. After that calculation is completed, any support owed may be offset with support owed to a third party custodian under the preceding subparagraph in order to minimize transactions.

The Commentary to Rule 90.3 Section XI.B reiterates the above language and gives guidance as to how to calculate support as between the parents in cases where a child is in the custody of a third party.[1]

■ The superior court's assumptions and thus its calculations are not consistent with Rule 90.3(i)(2).[2] The rule directs the court to calculate the support obligation "without consideration of the third party custodian *or any children in the custody of the third party custodian.*"[3] Here the court calculated support based on shared custody of all three children. Instead, the court should have used the shared custody method set out in Rule 90.3(b) for one child as modified by Rule 90.3(i)(2). The adjusted pro rata percentage called for in Rule 90.3(i)(2) would be 11%, 33% for three children under (a)(2)(C) multiplied by one representing the child in shared custody divided by three representing the total number of children. The result is that for these two months Edward owes Winona $121.70 per month for the support of

---

1. Commentary to Civil Rule 90.3, Section XI.B provides:

 There will be instances when a third party is entitled to support for some of the parent's children, but one or both parents retain primary or shared custody of their remaining children. In this case, child support between the parents should be calculated using Rule 90.3 based on the pro rata support percentages for the children not in third party custody. After that calculation, any support owed may be offset with amounts owed under 90.3(i)(1) to minimize transactions.

 For example, a father might have custody of two children and the mother's sister might have custody of, and be entitled to support for, the parents' third child. Both parents in this example have a $45,000 adjusted annual income. Under Rule 90.3(i)(1), the sister is entitled to $4,950 per year from the father [$45,000 (annual income) × 33% (percentage for three children) × 1/3 (custodian has one of

 three children)]. The sister also is entitled to the same amount from the mother. (The parents' incomes are the same and the mother supports the children living with the father.)
 The pro rata percentage for each child under 90.3(a)(2) would be 33% (three children) / 3 or 11% per child. Under 90.3(i)(2), the mother owes the father $9,900 per year in support ($45,000 × 22%). If the support amounts are offset, the mother will owe her sister $9,900 per year and the father $4,950 per year. The court could decide, however, that it was preferable not to offset the support amounts because one of the parents might not pay the third party.

2. The proper method of calculating child support is reviewed de novo. *See Charlesworth v. State, Child Support Enforcement Div.,* 779 P.2d 792, 793 (Alaska 1989).

3. Alaska R. Civ. P. 90.3(i)(2) (emphasis added).

Jamie,[4] minus the health insurance deduction of $18.75 per Rule 90.3(d)(1).

The maternal grandparents are entitled to support for the older boys for these months from both Edward and Winona.

### B. March, April, and May

The trial court calculated child support for the months of March, April and May "as if the parents had shared custody of both Jarrod and Jameson and Edward [had] primary custody of Justin."

Edward argues that court's calculation was erroneous for each of the following three reasons:

1. For all three months Jarrod was in the custody of his grandparents and thus should not have been involved in the calculation of support owed between the parents.

2. With regard to March and April, rather than considering Justin and Jamie separately, the former under primary custody guidelines (Rule 90.3(a)), the latter under shared custody guidelines (Rule 90.3(b)), the court should have considered them as one unit and averaged the amount of time they spent with each parent to determine which custody guideline to use. Because Justin was with Edward 100% of the time and Jamie was with Edward 50% of the time, this would result in Edward having both children 75% of the time and would, so Edward argues, require the use of Rule 90.3(a).

3. With regard to May, Jamie was in the primary physical custody of Edward, and the court erred in using the shared physical custody formula.

■ Edward's first point is correct for the reasons described above. The grandparents are entitled to support for Jarrod from each parent.

■ Edward's second point is not correct. The trial court correctly decided that Jamie and Justin presented a hybrid custody situation—Jamie in shared custody and Justin in sole custody—that should be governed by the formula we used in *Turinsky v. Long*.[5] Under that formula, primary and shared custody support amounts are offset using percentages that are prorated for the total number of children.[6] Winona's primary support obligation for Justin would be $201.73 per month ($22,007 × .33 × 1/3 × 1/12) while Edward's support obligation for Jamie as calculated above is $121.70. Offsetting these figures, Winona owes Edward monthly support of $80.03 for March and April.

■ Edward's third point is clearly correct. Jamie was in the sole physical custody of Edward for May.

For May, Edward was the primary custodian of Justin and Jamie. Winona owes him $403.46 for this month (22,007 × .33 × 2/3 × 1/12).

### Child Support in 2001 and Prospectively

Initially in 2001 child custody arrangements were to be governed by a child custody agreement that the parties entered into in November 2000. Under this agreement Edward had primary physical custody of Justin and Jamie and Winona had primary physical custody of Jarrod. But Justin did not live with Edward during 2001; instead, he resided with third parties. The decree of divorce entered on March 1, 2001, incorporated the child custody agreement without mentioning that Justin was no longer residing with Edward. Though the order determining child support of May 2001 recognized that Justin was residing with third parties, it nevertheless calculated child support as if he was residing half the time with each parent. For 2001 and prospectively Edward was ordered to pay Winona $536.25 per month for child support. For the reasons that follow we conclude that under Civil Rule 90.3 he should have been ordered to pay a monthly sum of $164.28.

Edward makes three challenges to the 2001 child support.

---

**4.** The calculations are:
For Edward = 39,708.54 × .33 × 1/3 × 1/12 × .50 = 182.00
For Winona = 22,007 × .33 × 1/3 × 1/12 × .50 = 100.87
Subtracting 100.87 from 182.00 = 81.13
Applying the multiplier of 1.5 × 81.13 = $121.70

**5.** 910 P.2d 590, 596–97, & n. 13 (Alaska 1996). **6.** *Id.*

1. He contends that the trial court should have used his projected 2001 income rather than his actual 2000 income.

2. He contends that the court erred in using the divided custody formula set out in Civil Rule 90.3(b)(6) prior to April 15, 2001, which was the effective date of that subsection.

3. He contends that the court erred in calculating support for Justin as if custody for Justin was a 50/50 shared arrangement.

■■ Edward's first argument lacks merit. Determination of adjusted annual income for child support purposes is a question of fact reviewed under a clearly erroneous standard.[7] On numerous occasions we have upheld determinations based on past income in preference to more speculative evidence.[8] The trial court did not err in this case in adopting this approach.[9]

■ Edward's second point is likewise without merit. Even though the divided custody rule reflected in Civil Rule 90.3(b)(6) had an effective date of April 15, 2001,[10] the formula on which the rule is based was earlier approved in *Bunn v. House*.[11] It was not error to use the *Bunn v. House* formula prior to the effective date of its codification.

■ Edward's third point has two parts. First he argues that because under the November 2000 agreement he was the primary physical custodian of Justin, Winona should have been paying him child support for Justin even though Justin was not actually living with him in 2001. We reject this argument under the authority of *Bennett v. Bennett*.[12] Edward in this case is positioned like the father in *Bennett* who had de jure but not de facto custody of the parties' child.[13] Here, as in Bennett, there was no pre-existing child support award.[14] We held in *Bennett* that the father under these circumstances was not entitled to child support from the mother, stating: "Awarding child support to a parent who has relinquished de facto custody and no longer provides any financial support to the child does not further the purposes of the child support rule."[15]

The second aspect of Edward's third point is that the trial court ignored Civil Rule 90.3(i)(2) when it calculated child support as if Justin was in a shared custody status. This is well taken. The court should have calculated child support considering Justin to be in third-party custody under Civil Rule 90.3(i)(2). As we have already noted, this subsection directs the court to calculate the support obligation between the parents without considering the children in the custody of third parties, adjusting applicable percentages "pro rata for the number of children in the primary custody of a parent ... compared to the total number of children ."[16]

Following Civil Rule 90.3(i)(2) and adopting the divided custody formula of *Bunn v. House* used by the trial court and now reflected in Civil Rule 90.3(b)(6) yields monthly support of $164.28[17] that Edward owes Winona.

---

7. *Gallant v. Gallant*, 945 P.2d 795, 800 (Alaska 1997).

8. *See, e.g., Virgin v. Virgin*, 990 P.2d 1040, 1049 (Alaska 1999) (holding court need not credit speculative evidence provided by employer as to future income); *Coghill v. Coghill*, 836 P.2d 921, 925–26 (Alaska 1992) (favoring twelve-month period of prior year over first quarter figures from present year); *Pugil v. Cogar*, 811 P.2d 1062, 1067 (Alaska 1991) (upholding a determination of income based on average of past income where parent worked in industry where employment and income were erratic).

9. Of course, appellant may petition for modification if his income does in fact decrease sometime in the future. *Virgin*, 990 P.2d at 1049.

10. Alaska R. Civ. P. 90.3(b)(6); Commentary to Civil Rule 90.3, Section V.D.

11. 934 P.2d 753, 755–58 (Alaska 1997). *See also* Commentary to Civil Rule 90.3, Section V.D.

12. 6 P.3d 724, 727–28 (Alaska 2000).

13. *Id.* at 725–26.

14. *Id.* at 728 n. 19.

15. *Id.* at 727–28.

16. Alaska R. Civ. P. 90.3(i)(2).

17. Determined by calculating Edward's pro rata support obligation for one child ($39,708.54 × .33 × 1/3 × 1/12) = $363.99; Winona's pro rata obligation for one child ($21,787 × .33 × 1/3 × 1/12) = $199.71; and subtracting the smaller from the larger figure ($363.99–$199.71 =

**Other Points on Appeal**

Edward makes an argument relating to the penultimate paragraph of the May 29, 2001 child support order, which states: "Third parties supporting the minor children during any of the above periods have a cause of action in debt against the obligor parent for the care of the minor child." Edward takes issue with the word "obligor," contending that both parties should have a support obligation to the third-party custodians. Implicit in this argument is that in Civil Rule 90.3 "obligor" refers to the parent who must pay the other parent child support.[18] If this was the sense in which the court intended "obligor" to be understood in the paragraph under review this would be error. Under Rule 90.3(i) both parents have a duty to pay support to third-party custodians.[19]

 Edward's final argument is that the trial court should have granted an evidentiary hearing on the question of child support. Under the circumstances of this case this argument lacks merit because neither Edward nor Winona requested an evidentiary hearing. Both parties were represented by counsel and nothing indicates that they were misled in any respect concerning how the court would proceed. Therefore Edward waived his right to an evidentiary hearing on disputed material questions of fact by his failure to request one before the court ruled.[20]

**Conclusion**

For the above reasons the order setting child support is REVERSED IN PART and this case is REMANDED for entry of an order consistent with this opinion.

---

$164.28), resulting in $164.28 that Edward must pay Winona.

18. *See* Alaska R. Civ. P. 90.3(a)(3) and (b)(3).

19. *See* Commentary to Civil Rule 90.3 XI.B (second paragraph).

20. *See, e.g., John's Heating Serv. v. Lamb*, 46 P.3d 1024, 1036 (Alaska 2002) (failure to request evidentiary hearing waives right to one).