STATE of Alaska, Appellant,

v.

Torin C. FOGG, Appellee.

No. A–7285.

Court of Appeals of Alaska.

Feb. 4, 2000.

Eric A. Johnson, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for appellant.

Kirsten Swanson, Assistant Public Defender, Juneau, and Barbara K. Brink, Public Defender, Anchorage, for appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

COATS, Chief Judge.

Torin Fogg pled guilty to driving with a suspended license in violation of AS 28.15.291. In sentencing Fogg, the magistrate allowed Fogg to convert his community work service into a fine at the rate of $6.25 per hour, despite a provision in AS 28.15.291 requiring 80 hours of mandatory community work service. We conclude this sentence contravenes AS 28.15.291 and is therefore illegal. We vacate the sentence and remand for resentencing.

Fogg was cited for driving with a suspended license in violation of AS 28.15.291. He pled guilty to this charge as part of his plea agreement with the state. The prosecutor and Fogg told the court that they had agreed that Fogg's sentence would be the minimum sentence permitted by AS 28.15.291: "10 days jail with 10 days suspended, 90 days [license] revocation, 80 hours community work service."

The magistrate accepted the plea. Then he stated that if Fogg did not complete his 80 hours of community service, he would allow Fogg to convert the remaining community service hours to a fine at the rate of $6.25 per hour.[1] The state objected, arguing that the sentence was illegal. The magistrate rejected this argument and issued an order which allowed Fogg to pay a fine of $6.25 an

1. The magistrate appears to have relied on AS 12.55.051(a) which provides that if a defendant defaults in the payment of a fine or restitution that the "term of imprisonment imposed under this section may not exceed one day for each $50 of the unpaid portion of the fine or restitution or one year, which ever is shorter." In addition, the magistrate appears to have relied on AS 12.55.055(d) which allows the court to "offer a defendant convicted of an offense the option of performing community work service in lieu of a sentence of imprisonment. Substitution of community work shall be at a rate of eight hours a day for each day of imprisonment." $50 per day divided by eight hours per day equals $6.25 per hour.

hour for each hour of community work service which Fogg did not complete.

The issue in this case involves one of statutory interpretation.[2] The statute in question is AS 28.15.291—driving while license canceled, suspended, revoked, or in violation of a limitation. Subsection (b)(1)(A) of this statute states: "Upon conviction under (a) of this section, the court *shall impose* a minimum sentence of imprisonment if the person has not been previously convicted, of not less than 10 days with 10 days suspended, including a *mandatory condition of probation* that the defendant complete not less than 80 hours of community work service."[3] Subsection (b)(3)(A) further states that "the court may not suspend execution of sentence or grant probation except on condition that the person serve a minimum term of imprisonment and perform *required* community work service as provided in (1) of this subsection."[4]

Both the state and Fogg rely on the fact that other Alaska statutes specifically allow courts to convert one form of punishment for another. For example, AS 12.55.055(d) allows a court to "offer a defendant convicted of an offense the option of performing community work in lieu of a sentence of imprisonment." Alaska Statute 12.55.055(c) allows a court to "offer a defendant convicted of an offense the option of performing community work in lieu of a fine."[5] Fogg argues that these provisions establish that courts have the authority to substitute various forms of punishment for others. The state argues the opposite by noting, correctly, that while certain Alaska statutes allow for community work instead of a fine, and community work instead of a prison sentence, no statute expressly allows for converting community work into a fine. This "lack of symmetry," according to the state, "is no coincidence." Rather, it shows that the legislature did not want courts to have the power to replace community work service with fines.

The state's argument is more convincing when viewed in light of the statutory construction principle, *expressio unius est exclusio alterius*. In *Croft v. Pan Alaska Trucking*,[6] a worker's compensation case, the supreme court analyzed this principle.

> We agree with Croft that AS 23.30.155(j) provides the exclusive remedy for an employer to recover overcompensation.... In reaching this conclusion, we employ the principle of statutory construction *expressio unius est exclusio alterius*. "The maxim establishes the inference that, where certain things are designated in a statute, 'all omissions should be understood as exclusions.' The maxim is one of longstanding application, and it is essentially an application of common sense and logic." ... Alaska Statute 23.30.155(j) specifically enumerates a remedy for overcompensation. In the absence of any indication in the Act to the contrary, the inference we draw is that the inclusion of this specified remedy was intended to exclude other remedies for overcompensation. The case for application of *expressio unius est exclusio alterius* is particularly compelling, where, as here, the scheme is purely statutory and without a basis in the common law.[7]

The reasoning in *Croft* applies to the present case. Certain Alaska statutes allow courts to require community work service in

---

**2.** For questions of statutory interpretation, this court should be guided by the following principles: (1) review is de novo. *State v. McCallion,* 875 P.2d 93, 98 (Alaska App.1994); (2) this court should "adopt the rules of law that are most persuasive in light of precedent, policy, and reason." *Id.;* and (3) "[w]here a statute's meaning appears clear and unambiguous, the party asserting a different meaning bears a correspondingly heavy burden demonstrating contrary legislative intent." *University of Alaska v. Tumeo,* 933 P.2d 1147, 1152 (Alaska 1997) (*quoting Lagos v. City and Borough of Sitka,* 823 P.2d 641, 643 (Alaska 1991)).

**3.** AS 28.15.291(b)(1)(A) (emphasis added).

**4.** AS 28.15.291(b)(3)(A) (emphasis added).

**5.** *See* also AS 04.16.205(b)(2) (community work in lieu of a fine); AS 47.12.030(b)(6) (same).

**6.** 820 P.2d 1064 (Alaska 1991).

**7.** *Id.* at 1066 (citation omitted). *But cf. Sonneman v. Hickel,* 836 P.2d 936, 939 (Alaska 1992) ("While this maxim is often a useful and logical guide to the meaning of an enactment, it does not always apply.").

place of fines and prison time. But no statute allows fines to be used in place of community work service. The inference, therefore, is that courts do not have the authority to do what the magistrate did in the present case.

The state offers a policy argument in support of its interpretation of the statute. The state argues that imprisonment, fines, and community work service are not interchangeable, but support different sentencing goals. The state points out that a wealthy individual has financial resources which allow that individual to pay a fine without difficulty. The state contends that requiring everyone convicted of driving with a suspended license to perform community work service might ameliorate the discrepancy created by a convicted defendant's wealth. Fogg counters this policy argument by pointing out that a poor person might be adversely affected by the requirement of community work service. Someone who must work two jobs or has the sole responsibility for young children might have difficulty performing community work service. The state's policy argument appears to be the one which the legislature adopted. To the extent that mandatory community work service imposes a hardship on a defendant, we believe that courts have sufficient flexibility to devise community work service programs which can be done without undue hardship.

We accordingly conclude that the magistrate imposed an illegal sentence by entering a judgment which allowed Fogg to pay a fine rather than to perform mandatory community work service. We accordingly order the magistrate to strike this illegal portion of the judgment.[8]

REMANDED.

---

8. *See Dunham v. City and Borough of Juneau,* 790 P.2d 239 (Alaska App.1990).