NOTICE

*The text of this opinion can be corrected before the opinion is published in the* Pacific Reporter. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| CAROLINE K. SWARTZ,<br><br>        Appellant,<br><br>        v.<br><br>MUNICIPALITY OF ANCHORAGE,<br><br>        Appellee. | Court of Appeals No. A-12810<br>Trial Court No. 3AN-14-6816 CR<br><br>O P I N I O N<br><br>No. 2635 — February 15, 2019 |

Appeal from the District Court, Third Judicial District, Anchorage, Jennifer Henderson, Judge.

Appearances: Shaul L. Goldberg, Denali Law Group, Anchorage, for the Appellant. Sarah E. Stanley, Assistant Municipal Prosecutor, and William D. Falsey, Municipal Attorney, Anchorage, for the Appellee.

Before: Mannheimer, Chief Judge, and Allard and Wollenberg, Judges.

Judge ALLARD.

In January 2015, Caroline K. Swartz pleaded guilty to driving while license suspended or revoked in violation of the Anchorage Municipal Code.[1] Pursuant to a Criminal Rule 11 agreement, Swartz was sentenced to 90 days' imprisonment with 90

---

[1] *See* Anchorage Municipal Code (AMC) 09.28.019.

days suspended, a $500 fine with $250 suspended, 3 years' probation, and 80 hours of mandatory community work service — *i.e.*, community work service hours that were mandated by the municipal ordinance as a condition of her probation.[2]

As part of her plea agreement, Swartz agreed that she would complete her community work service hours within six months, and she further agreed that any uncompleted portion of the 80 hours of community work service "will convert to jail" if it was not completed by the court's deadline. No conversion rate was specified in the plea agreement.

Swartz ultimately completed only 8 hours of the mandated 80 hours of community work service, leaving 72 hours uncompleted. The Municipality petitioned the court to revoke Swartz's probation and argued that the 72 hours of community work service should be automatically converted into 9 days in jail pursuant to the plea agreement.

The court held a hearing on the petition in February 2017. At that hearing, Swartz argued that the court had no authority to convert her community work service to jail time because the Alaska legislature had recently amended state law to prevent such conversions. Swartz also argued that conversion to jail time was impermissible even before the change of law under our 2000 decision, *State v. Fogg*.[3] The Municipality argued that the change in law did not apply to Swartz's case and that *Fogg* was inapplicable. According to the Municipality, the court had the authority to convert

---

2   *See* former AMC 09.28.019.B, C (2014) (requiring court to impose 80 hours of community work service as a mandatory condition of probation for a defendant's first conviction for driving while license suspended/revoked); *see also* former AS 28.15.291 (2014) (imposing the same requirement under state law). In 2016, both the Municipality and the State eliminated the mandatory community work service hours for this offense. *See* AO 2016-83(s) § 6; SLA 2016, ch. 36, § 105.

3   *State v. Fogg*, 995 P.2d 675 (Alaska App. 2000).

community work service hours into jail time under the municipal code. The Municipality also emphasized that Swartz had agreed to the conversion as part of her original plea agreement.

The district court judge agreed with the Municipality and imposed 9 days of jail time for the 72 hours of uncompleted community work service. Swartz now appeals, arguing that the 9 days of jail time was unlawfully imposed. For the reasons explained here, we conclude that the court erred in imposing the 9 days of jail time.

*Why we conclude that the court erred when it imposed 9 days of jail time*

In 2016, the Alaska legislature amended AS 12.55.055 to expressly prohibit courts from converting uncompleted community work service hours into jail time.[4] Subsection (g) of AS 12.55.055 now declares:

> (g) The court may not
> (1) offer a defendant convicted of an offense the option of serving jail time in lieu of performing uncompleted community work previously ordered by the court; or
> (2) convert uncompleted community work hours into a sentence of imprisonment.

The legislature also added subsection (h) to AS 12.55.055, which requires the court to instead convert any uncompleted community work hours into a monetary fine according to a specified formula.[5]

---

[4] SLA 2016, ch. 36, § 76.

[5] Subsection (h) provides:
> (h) If a court orders community work as part of the defendant's sentence under this section, the court shall provide notice to the defendant at sentencing and include as a provision of the judgment that if the defendant fails to provide proof of community work within 20 days after the date set by the court, the court shall convert those community work hours to a fine

(continued...)

Both of these provisions went into effect on July 12, 2016, and they are applicable to all "community work service imposed on or after [July 12, 2016] for offenses committed on or after [that] effective date."[6] Thus, if Swartz were being sentenced for conduct occurring on or after July 12, 2016, there would be no question that the court would not be permitted to convert her uncompleted community work service to jail time.

The complication we face in Swartz's case is that the community work service hours at issue here were imposed in 2015, prior to the change in state law. Moreover, the parties specifically agreed, as part of their plea agreement, that any uncompleted community work service hours would be converted to jail time. Seemingly, then, the question before us is whether this provision of the plea agreement is enforceable despite the change in the law.

But we conclude that we need not resolve that question in the context of this case. Rather, we conclude that the conversion provision of the plea agreement is not enforceable for a different reason: The provision fails to define a material term of the agreement — namely, what conversion rate should apply.

One reasonable interpretation of the agreement is that one hour of community work service would equal one hour in jail. Thus, 72 hours of community work service left incomplete would mean 72 hours (3 days) in jail. However, at Swartz's probation revocation sentencing, the district court judge viewed the community work service hours as comprising ten 8-hour work days, with each of these ten days translating

---

5   (...continued)
>  equal to the number of uncompleted work hours multiplied by
>  the state's minimum hourly wage and issue a judgment against
>  the defendant for that amount.

AS 12.55.055(h); *see also* SLA 2016, ch. 36, § 76.

6   SLA 2016, ch. 36, § 185(f)(3).

into a full 24-hour day in jail. Thus, the district court concluded that Swartz's remaining 72 hours of community work service translated into 9 days of jail time.[7] This is the sentence the court imposed.

Given the failure of the parties to identify the conversion rate that would apply here, we strike as unenforceable the provision of the plea agreement requiring uncompleted community work service hours to convert to jail time. The Municipality is free to seek withdrawal from the plea agreement if it believes that the failure of this provision materially alters or defeats the plea agreement. Alternatively, the parties may simply renew the probation revocation proceedings, and the district court may revoke an appropriate portion of Swartz's suspended jail time, in accordance with the *Chaney* criteria, for Swartz's failure to complete the community work service required by her conditions of probation.[8]

*Conclusion*

The judgment of the district court is VACATED, and this case is remanded for further proceedings in accordance with the guidance provided here.

---

[7] It is not clear where this conversion rate comes from. It is possible that it was reverse engineered from AS 12.55.055(d), which permits sentencing courts to offer a defendant the option of performing community work service in lieu of a sentence of imprisonment at a substitution rate of 8 hours of community work for each day of imprisonment. But such reverse engineering is contrary to our reasoning in *Fogg*. *See State v. Fogg*, 995 P.2d 675, 676-67 (Alaska App. 2000) (concluding that the trial court's ability to convert statutorily-mandated community work service hours into other penalties is limited to what the legislature expressly authorized).

[8] *See State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970); AS 12.55.005 (codifying the *Chaney* criteria).